In the Matter of the Claim of EMERSON H. WOODRUFF, Respondent, against R. H. HOWES CONSTRUCTION COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — "accident" defined — evidence — when insufficient to show felon on hand was caused by accident — erroneous award.

1. An accident is an event which takes place without one's foresight or expectation; an event that proceeds from an unknown cause or is an unusual effect of the known cause, and, therefore, not expected.

2. Where a workman was given an award by the industrial commission upon the ground that a felon which disabled his right hand was the result of an accident, such award is erroneous when the only evidence tending to show the cause of the felon was that the claimant did not know definitely just what caused the pain or injury, but believed it was caused by the constant use of a screw-driver which bruised the palm of his hand and that the bruise developed into a felon. Such testimony is insufficient to show that the injury was caused by accident.

*Matter of Woodruff* v. *Howes Construction Co.,* 189 App. Div. 395, reversed.

(Argued February 24, 1920; decided March 19, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 13, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*E. C. Sherwood, William B. Davis* and *Amos H. Stephens* for appellants. There was no evidence of any accidental injury at any time. (*Matter of Hansen* v. *Turner Const. Co.*, 224 N. Y. 331; *Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Vincent* v. *Taylor*, 180 App. Div. 818; *Lyon* v. *Windsor & Davis*, 173 App. Div. 377; *Marshall* v. *East Holywell Coal Co.*, 33 L. T. N. S. 361; 21 Times L. R. 494; *Black* v. *N. Z. Shipping Co.*, 6 B. W. C. C. 720; *Coe* v. *Fife Coal Co.*, 2 B. W. C. C. 8; *O'Hara* v. *Hayes*, 3 B. W. C. C. 586; *U. S. Mut. Acc. Assn.* v. *Barry*, 131 U. S. 100; *T. J. D. School Board* v. *Kelly*, 1914, A. C. 667.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The injuries received by the claimant were accidental and arose out of and in the course of his employment. (*Fenton* v. *Thorley*, 5 W. C. C. 1; *Clover, Clayton & Co.* v. *Hughes*, 3 B. W. C. C. 275; *Doys* v. *Trimmer & Sons*, 176 App. Div. 124; *Gregorkiewicz* v. *Nat. Biscuit Co.*, 188 App. Div. 985; *O'Dell* v. *A. El. P. Corp.*, 223 N. Y. 686; *Mahoney* v. *Troy Gas Co.*, 186 App. Div. 924; *Sumpter* v. *N. Y. Cons. R. R. Co.*, 187 App. Div. 911; *Hart* v. *Wilson & Co.*, 227 N. Y. 554.)

ELKUS, J. Claimant was a carpenter, employed by R. H. Howes Construction Company, and engaged in the erection of buildings. The compensation commission found that on December 23, 1918, while Woodruff was engaged in his employment, in using "a screw-driver he

bruised the palm of the right hand which developed into a frog felon and as the result of which he was disabled."

The affirmance of this finding of fact was by a divided court, and we are, therefore, at liberty to examine the facts to ascertain if there is any evidence in its support.

The affidavit of the claimant, verified January 21, 1919, avers that on December 21, 1918, he felt a pain between the first and second fingers in the palm of the right hand, which feeling was very much as though there was a splinter there, but that he did not run any splinter in the palm of his hand and that the pain increased.

Upon the hearing before the commission, he testified that he did not know definitely just what caused the pain or injury, but he believed it was caused by the constant use of a screw-driver, "as is first stated," evidently referring to the statement in his affidavit referred to; that the pain was several days coming on; that at no time did he get a splinter in his hand or any particle of grit or anything that was ground in his hand from the screw-driver; but he thought it was just from its continual use; that it bruised the flesh; that at times he fastened a pin in the jamb and then would set his screw-driver there and hit it with his hand; that his hand felt tender at the time, but that he had never had anything like this.

This testimony was insufficient to show that the injury was caused by accident. An accidental event takes place without one's foresight or expectation; an event that proceeds from an unknown cause, *or is an unusual effect of the known cause,* and therefore not expected. (*Paul* v. *Travelers' Insurance Co.*, 112 N. Y. 472; 14 R. C. L. sec. 418, page 1238.)

It is quite clear that the evidence to which reference has been made was insufficient to establish the conclusion of fact found by the industrial commission — that the frog felon resulted from the use of the screw-driver, which bruised the palm of the right hand. (*Matter of Belcher* v.

*Carthage Machine Co.*, 224 N. Y. 326; *Matter of Carroll v. Knickerbocker Ice Co.*, 218 N. Y. 435.)

Under the evidence produced, we do not believe that the commission was justified in making the conclusion of fact which it did. (*Matter of Eldridge v. Endicott, Johnson & Co.*, 228 N. Y. 21.)

The order of the Appellate Division and the determination of the industrial commission should be reversed and the claim remitted to the commission for rehearing, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.