a permit to convert his one-story building on Webster avenue near One Hundred and Ninety-fourth street in the borough of The Bronx from stores into a garage. The Appellate Division held that the action of the board in denying petitioner's application was unreasonable and discriminatory.

*George P. Nicholson,* Corporation Counsel (*John F. O'Brien* and *William T. Kennedy* of counsel), for appellants.

*Charles B. McLaughlin* for respondent.

Orders reversed and determination of board of appeals affirmed, with costs in all courts, on dissenting opinion of McAvoy, J., below.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

In the Matter of the Claim of Charles Pickerell, Respondent, against A. C. Schumacher et al., Appellants.

State Industrial Board, Respondent.

*Workmen's compensation — master and servant — apoplexy alleged to be due to effort of driver of automobile to avert accident.*

*Pickerell* v. *Schumacher,* 215 App. Div. 745, affirmed.

(Argued March 29, 1926; decided April 7, 1926.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 18, 1925, modifying and affirming as modified an award of the State Industrial Board made under the Workmen's Compensation Law. The claim for compensation was made upon the theory that the claimant in attempting to avert an accident sustained a cerebral apoplexy, due to increased muscular effort in the operation of an automobile hearse. As he was driving the hearse up a grade which led into the cemetery at Borodino, the car immediately preceding it was stalled and the claimant applied his emergency brake for the purpose of stopping his car but the brake was not effective and

37

the car started to back up. Claimant pulled the steering wheel to the right and after backing down a distance of about twenty feet backed the hearse into a bank on the left side of the road. There is evidence that while in bed early the following morning he suffered a partial stroke followed by another eight days thereafter.

Lewis C. Ryan for appellants.

Albert Ottinger, Attorney-General (E. C. Aiken of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: HISCOCK, Ch. J., and ANDREWS, J.

---

In the Matter of the Claim of JESSE BRANDOW, Respondent, against TOWN OF COXSACKIE et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — owner of wagon and team employed to work with them on roads injured while attempting to stop horses from running away.*

Brandow v. Town of Coxsackie, 215 App. Div. 732, affirmed.

(Argued March 29, 1926; decided April 7, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 11, 1925, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. The claimant was employed by the town of Coxsackie to work with a wagon and team of horses belonging to him in connection with the construction of roads and bridges. Previous to the day of the accident the claimant had been instructed by his foreman to go up the road to take some posts back to where the gang was working. On that day he got up early and started hitching up his horses. This was done in the road, in front of his barn. Just as he was hitching the horses to the wagon a dog, chasing a rabbit, ran under the horses, frightening them, so that they jumped, and started to run. Claimant jumped on the