THIRD DEPARTMENT, JULY, 1940.

(July 2, 1940.)

In the Matter of the Claim of FRANCES LaFOUNTAIN, Respondent, against JOSEPH LaFOUNTAIN, SR., and MARYLAND CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., and Bliss, J., dissent, Bliss, J., in an opinion in which Hill, P. J., concurs.

BLISS, J. (dissenting). The State Industrial Board has found that the deceased employee suffered accidental injuries which caused his death.

Deceased was a blacksmith and suffered from chronic myocarditis. Walking and the heavy work of his occupation had been difficult for him. On November 23, 1936, it had been sleeting and freezing and the walks were slippery. Before leaving home that morning he remarked that it would be a hard day for him because it was so slippery and he would have so many horses to shoe. He then walked between five and six blocks to his work. He there shod three horses and welded two rods and it then became necessary for him to leave the shop to shoe some horses at their owner's stables. He walked over the icy sidewalks about three blocks to the stables carrying his blacksmith tools. He there began to shoe a horse weighing 1,400 pounds and had finished three hoofs. He was working on the fourth, holding one of the hind legs of the horse between his knees, when he fell over and died of coronary occlusion.

His attending physician testified that this unusual expenditure of energy aggravated his previous heart condition and that his death was caused by the extreme exertion of that particular morning. Decedent had worked unusually hard that day, and this extreme exertion consisted both of the unusual difficulties in walking and the shoeing of the several horses. The physician stated that the combination of all of these circumstances contributed to the death.

These facts amply sustained the finding of an accidental injury resulting in death. (*Matter of Kusel v. Eastern Bridle Iron & Steel Corp.*, 283 N. Y. 671, decided June 11, 1940; *Matter of Pickerell v. Schumacher*, 242 id. 577; *Matter of Easer v. Pratt*, 261 id. 628; *Matter of Green v. Geiger*, 253 App. Div. 469; 255 id. 903; affd., 280 N. Y. 610; *Matter of Thompson v. City of Binghamton*, 218 App. Div. 451; *Matter of Bacher v. Herschkowitz*, 245 id. 876; *Matter of Drake v. Tillingham-Moyer Co.*, 255 id. 730; *Matter of Rivenburg v. Morris Estate*, 256 id. 869.)

I, therefore, dissent and vote to affirm.

Hill, P. J., concurs with Bliss, J.