In the Matter of the Claim of JOSEPH DWORAK, Respondent, against E. GREEN-BAUM Co. and INTERBORO MUTUAL INDEMNITY INSURANCE Co., Appellants, and (AMERICAN) LUMBERMENS MUTUAL CASUALTY Co. OF ILLINOIS, Respondent. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from a decision and award of the State Industrial Board awarding compensation to the claimant and from the decision of the Board and an individual member affirming that award. The claimant was employed by E. Greenbaum Co., and while engaged in his regular occupation on February 25, 1939, felt a pain in his back while lifting eighty-pound boxes and had difficulty in breathing and could not continue his work that night, and went home at midnight which was Saturday night. He did not have a doctor and went back to work on Monday and continued to work as usual until March 18, 1939, when he was pushing out a tree hanging on a truck with a load of meat, when he fainted and fell. He was asked: " Q. Are you claiming anything happened to you at any particular time, or are you claiming that this came about due to heavy work over a period of time? A. I am not making any contention whatsoever. I only say I was pulling a heavy tree. I was doing it every day. Q. There is nothing in any of these things in either February or March that was any different from your regular work? A. I am doing the same work all the time." He had a doctor first on March 19, 1939. The State Industrial Board found as a fact that the claimant had an advanced pre-existing coronary arterio sclerosis and a myocardial infract. The claim is based on a disease which did not result from an accidental injury. (Matter of Woodruff v. Howes Construction Co., 228 N. Y. 276–278; Paul v. Travelers' Insurance Co., 112 id. 472; Matter of Lerner v. Rump Bros., 241 id. 153–155; Matter of Connelly v. Hunt Furniture Co., 240 id. 83.) The award should be reversed and the claim dismissed because it is based on a disease which did not result from an accidental injury. (Matter of LaFountain v. LaFountain, 259 App. Div. 1095; affd., 284 N. Y. 729.) Award reversed and claim dismissed, with costs against the State Industrial Board. Crapser, Bliss and Foster, JJ., concur; Hill, P. J., dissents and votes to affirm the award. The Industrial Commission [State Industrial Board] has determined that the exertion of the decedent on March 18, 1939, was a contributing factor to the acute coronary occlusion which caused the death. These findings are sustained by the evidence of the Chief Medical Examiner of the State Department of Labor. Heffernan, J., dissents.