In the Matter of the Claim of MARY McCORMACK, Respondent, against WOOD HARMON WARRANTY CORP. and THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— At about six o'clock in the evening, after claimant had worked from seven in the morning, and after her regular work had been completed she was required to arrange an apartment on the fifth floor of the apartment house of which she was janitress. After climbing the four flights and assisting in arranging furniture she returned to the ground floor. A rug arrived to be unpacked and placed; this required that she again ascend to the fifth floor. Again after she had returned to the ground floor a heavy mirror was delivered which she carried to the apartment. These three trips were all encompassed in about fifteen or twenty minutes. When she returned to the ground floor from the third trip the symptoms of her ultimate disability became manifest. Her legs became powerless, she was out of breath and had a pain in her right chest and right shoulder and ultimately an occlusion resulting in a thrombosis. Her disability was later diagnosed as a coronary occlusion for which she was hospitalized. She has since been completely disabled. The aforesaid facts establish clearly that the exertions on this occasion were unusual. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Heffernan and Foster, JJ., concur; Crapser and Bliss, JJ., dissent and vote to reverse and dismiss the claim. The Industrial Board has failed to find that there was anything unusual about the work which the claimant did on the 16th day of October, 1937, and the evidence would not sustain such a finding. Everything that claimant did was a part of her usual and regular work. There is no proof of an accident. (*Matter of LaFountain* v. *LaFountain*, 284 N. Y. 729; *Matter of Dworak* v. *Greenbaum Co.*, 287 id. ——.)

In the Matter of the Claim of WILLIAM MAICEO, Respondent, against CITY OF YONKERS, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant worked for the city under a rule (extra statutory) that the recipient of " home relief " should after receiving charitable aid be required to work out the relief at the rate of one day for each five dollars. While so engaged he received an injury which caused a schedule loss. The claimant was an employee and entitled to the benefit of the Workmen's Compensation Law. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the award on the ground that there was no contract of employment as between the city and the claimant and the Industrial Board was without jurisdiction to make the award.