In the Matter of the Claim of CHARLES WILSON, Respondent, against AMERICAN VALVE COMPANY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award made by the State Industrial Board for total and partial disability from August 3, 1938, to February 25, 1943, with a continuance of the case for final adjustment. While engaged in his regular employment as a moulder's helper, claimant was injured in a fight with a fellow employee which arose over a dispute concerning their work. There was a conflict in the evidence as to who was the aggressor and initiated the fight. That claimant was not the aggressor and that his injury was not solely occasioned by his willful intention to bring about injury or death to his antagonist in the fight has sufficient evidentiary support. The period of disability compensated for is justified by the medical evidence. Award affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 935.]

In the Matter of the Claim of OWEN MURNIN, Respondent, against EDWARD BERRY, Respondent, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board ruling that a payment of a medical bill within three years from the date of an application to reopen the case was a payment of compensation within three years and therefore, the case was not a charge against the special fund created under section 25-a of the Workmen's Compensation Law, although the medical services themselves were furnished more than three years before the date of the application to reopen. Decision affirmed, with costs to the State Industrial Board against appellant, on the authority of *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry* (293 N. Y. 222). All concur. [See *post*, p. 935.]

In the Matter of the Claim of NATHAN SHEINER, Respondent, against SHEINER & BLUM, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— The Industrial Board found that on the 18th day of March, 1942, while the claimant was engaged in the regular course of his employment and while lifting a case of material, consisting of bundles of hats, weighing from sixty to seventy pounds, at the request of the foreman, which work he was not accustomed to performing, he was subjected to an unusual effort and by reason thereof sustained a coronary thrombosis which caused the claimant to be totally disabled from the 16th of March, 1942, to December 7, 1942, on which later date he was totally disabled. An award of compensation was made in claimant's favor. The evidence sustains the finding of the Industrial Board. Award affirmed, with costs to the State Industrial Board. All concur.