**HARBOR MARINE CONTRACTING CO. et al. v. LOWE, Deputy Com'r, U. S. Employee's Compensation Commission, et al.**

District Court, S. D. New York.

April 30, 1945.

John P. Smith, of New York City (Charles F. Bachmann, of Boston, Mass., of counsel), for plaintiffs.

John F. X. McGohey, U. S. Atty., of New York City (Thomas G. Donlan, Asst. U. S. Atty., of New York City, of counsel), for defendant Lowe.

Max L. Katzman, of Brooklyn, N. Y., for defendant Riviello.

GODDARD, District Judge.

Motions by plaintiffs and by defendants for summary judgment.

The suit is to set aside a compensation award made by the defendant Samuel S. Lowe as Deputy Commissioner of the United States Employee's Compensation Commission in favor of the defendant Riviello under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950. The plaintiffs are Harbor Marine Contracting Company, the employer of Biagio Riviello, the deceased husband of Frances Riviello, and Liberty Mutual Insurance Company, the insurance carrier of the employer.

The grounds on which the plaintiffs seek to set aside the award are:

1. That the findings and award of the Deputy Commissioner are not supported by the evidence;

2. That the deceased did not sustain an accidental injury within the meaning of the Longshoremen's and Harbor Workers' Compensation Act; and

3. That death did not result from and was not related to an accidental injury.

The contention particularly urged by the plaintiffs is that there was no accident on which a finding of an accidental injury could be based.

It appears from the record of the hearings before the Deputy Commissioner that on February 15, 1943, Riviello entered the employ of the Harbor Marine Contracting Company which was engaged in the repair and cleaning of the boilers on a ship designated as Hull No. 162, at Pier 92, East River. For some five years previous Riviello had been employed by the W.P.A. He was put to work sweeping

up the soot on the floor of the ship's boiler room. The air in the boiler room was filled with dust and the men had cloths over their noses and mouths for protection. After about an hour Riviello complained of not feeling well and he was transferred to the lighter task of carrying paper bags of soot from the ship to the dock, a distance of about one block. The bags of soot weighed about fifteen pounds each, and he carried one bag on each trip. After doing this work for about forty-five minutes, he again complained that he was not feeling well. He was taken to an Army doctor on the pier and from there was removed to the hospital, where a diagnosis of coronary thrombosis was made. He was discharged from the hospital on March 30, 1943. On April 17th he had a severe pain over his heart and on April 26th he was returned to the hospital where he died on May 5, 1943, of Coronary Sclerosis and infarct of the left ventricular wall.

The Deputy Commissioner heard testimony from the wife of the deceased concerning his general health; from the foreman in charge of the deceased on the day he was working for Harbor Marine Contracting Company concerning the conditions of the work and the actions of the deceased; from two doctors representing the insurance carrier, and from the doctor who had had the care of the deceased while he was in the hospital. The last doctor testified that the work the deceased did was competent to induce the injury. He testified that one coronary artery in the heart of the deceased was 1/10 of normal size, and hence the heart could not obtain all the nutrition necessary to continue functioning under a strain; that this artery had probably been gradually getting smaller, but it was the exertion from the work that produced an extra strain on the heart and caused or aggravated the infarction. Because of the infarction, the heart was not able to obtain sufficient nourishment for the extra task and some of the heart tissue died and was replaced by scar tissue, resulting ultimately in the death of Riviello.

From all of the testimony, the Deputy Commissioner made findings of fact, including—

"That his illness was due to a coronary infarct which was induced by the work and the working conditions on the morning of his employment; * * * that he died on May 5, 1943 of coronary sclerosis, in-

farct of the left ventricular wall, adjesive pericarditis, congestion of lungs, liver, spleen and pleural effusion; that death was the result of the accidental injury sustained in the course of the deceased's employment on February 13, 1943."

Section 902(11) of the Act states " 'Death' as a basis for right to compensation means only death resulting from an injury." Section 902(2) says: "The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury * * *."

■ These motions raise the usual question presented in a suit to review an award made under the Longshoremen's and Harbor Workers' Act, which is whether there was any substantial evidence to support the Commissioner's findings. Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, certiorari denied 308 U.S. 570, 60 S.Ct. 33, 84 L.Ed. 478. When the finding of the Commissioner is supported by the evidence, it is not subject to judicial review. Bernatowicz v. Nacirema Operating Co., 3 Cir., 142 F.2d 385.

Included in the findings of the Commissioner is one "that death was the result of the accidental injury sustained in the course of the deceased's employment on February 15, 1943." The plaintiffs contend that there is no substantial evidence to support a finding that there was an accident which caused the injury.

■ The Commissioner has in effect found from the testimony that the illness which terminated in Riviello's death was brought about by "a coronary infarct [clogging] induced by the work and the working conditions on the morning of his employment." The Commissioner also found that "at the time of and preceding his employment * * * deceased had coronary disease." The fact that an employee suffers from pre-existing condition and is abnormally vulnerable to injury does not deprive him of protection under the statute. Grain Handling Co. v. Sweeney, Sup., 102 F. 464, 465–6.

■ I think there was substantial evidence to support the finding of the Commissioner that decedent's death was the result of an accidental injury as those terms are used in the Longshoremen's and

Harbor Workers' Act. Pacific Employers' Ins. Co., et al. v. Pillsbury, 9 Cir., 61 F.2d 101; Hoage v. Employers' Liability Assur. Corporation, Ltd., 62 App.D.C. 77, 64 F.2d 715.

Plaintiffs' motion for summary judgment is denied. Defendants' motions for summary judgment are granted.

Settle orders on notice.