## HARBOR MARINE CONTRACTING CO. et al. v. LOWE, Deputy Com'r, U. S. Employees Compensation Commission, et al.

### No. 111.

Circuit Court of Appeals, Second Circuit.

Dec. 24, 1945.

Charles F. Bachmann, of Boston, Mass., (John P. Smith, of New York City, on the brief), for appellants.

Thomas G. Donlan, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., Ward E. Boote, Chief Counsel, and Herbert P. Miller, Asst. Chief Counsel, U. S. Employees' Compensation Commission, all of New York City, on the brief), for appellee Samuel S. Lowe.

Max L. Katzman, of Brooklyn, N.Y., for appellee Frances Riviello.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal raises the issue whether aggravation of a heart condition of an em-

---

ployee, induced by his work and working conditions, and his resulting death constitute "accidental injury or death arising out of and in the course of employment," within the meaning of the Longshoremen's and Harbor Workers' Compensation Act, § 2(2), 33 U.S.C.A. § 902(2). Deceased had a condition of coronary sclerosis, a deterioration of the coronary arteries, normally of a progressive character, when, on the morning of February 15, 1943, he commenced work for the plaintiff employer in cleaning out the boiler of a ship at an East River pier. Since the air within the boiler was dusty and the ventilation poor, the workers wore cloths or masks over their noses in sweeping up the soot covering the boiler floor to a depth of several inches. After an hour, deceased complained of not feeling well and was transferred to the work of carrying bags of soot which weighed about fifteen pounds from the deck of the ship to the dock. While so engaged for about forty-five minutes, he became so ill that it was necessary to assist him to a hospital, where he was found to be suffering from a coronary thrombosis. He left the hospital March 30, 1943, but, having a severe pain over his heart April 17, re-entered on April 26 and died there May 5, 1943. His attending physician testified to a causal relation between the conditions of his work and his seizure and death; and the deputy commissioner made the necessary findings of accidental injury and gave an award to the widow against the employer and its insured, which the District Court has refused to disturb in this action. D.C. S.D.N.Y., 61 F.Supp. 964.

Plaintiffs' contention that the finding of accidental injury was not supported by substantial evidence is based on the view that it is necessary "to prove the existence of an accident, i. e., an unusual, undesigned, fortuitous and unexpected event as a re-sult of which an injury follows." And they refer to the conflict which, to a certain extent at least, has existed under state workmen's compensation acts as to the meaning of this phrase. In particular they stress New York law as sustaining their view, Woodruff v. R. H. Howes Const. Co., 228 N.Y. 276, 127 N.E. 270; La Fountain v. La Fountain, 284 N.Y. 729, 31 N.E.2d 199, affirming 259 App.Div. 1095, 21 N.Y.S.2d 193, though other still later cases, cited in Abrams v. Albany County, 266 App.Div. 807, 41 N.Y.S.2d 355, Id., 266 App.Div. 885, 41 N.Y.S.2d 355, cast grave doubt on the correctness of this interpretation.[1] Difficulties of reconciling all these cases suggest the impracticability of a rationale dependent on the distinction between an "unusual" and a usual event. To the person involved, the seizure is doubtless "an unusual effect of a known cause," however natural in sequence may seem the chain of events in retrospect.

Nevertheless, with practical uniformity following the settled English view, Fenton v. J. Thorley & Co., Ltd., [1903] A.C. 443; Clover, Clayton & Co., Ltd. v. Hughes, [1910] A.C. 242, the cases have construed the phrase in this Act as covering such an injury as this, an unexpected and undesigned consequence of the work and working conditions which hastens an employee's death. Hoage v. Employers' Liability Assur. Corp., 62 App.D.C. 77, 64 F.2d 715, certiorari denied Employers' Liability Assur. Corp. v. Kerper, 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554; Commercial Casualty Ins. Co. v. Hoage, 64 App.D.C. 158, 75 F.2d 677, certiorari denied 295 U.S. 733, 55 S.Ct. 645, 79 L.Ed. 1682; Hoage v. Royal Indemnity Co., 67 App.D.C. 142, 90 F.2d 387, certiorari denied Royal Indemnity Co. v. Cardillo, 302 U.S. 736, 58 S.Ct. 122, 82 L.Ed. 569; Pacific Employers' Ins. Co. v. Pillsbury, 9 Cir., 61 F.2d 101; Hender-

---

[1] See especially Bohm v. L. R. S. & B. Realty Co., 264 App.Div. 962, 37 N.Y.S.2d 173, affirmed 289 N.Y. 808, 47 N.E.2d 52; Ward v. Fifth Ave. Bldg. Co., 264 App.Div. 797, 34 N.Y.S.2d 721, leave to appeal denied by the Court of Appeals 289 N.Y. 855, 44 N.E.2d 424; McCormack v. Wood Harmon Warranty Corp., 263 App.Div. 914, 32 N.Y.S.2d 145, affirmed 288 N.Y. 614, 42 N.E.2d 613. This apparent inconsistency or slight differentiation of fact can be traced back through earlier cases; thus compare Dworak v. E. Greenbaum Co., 261 App.Div. 1022, 25 N.Y.S.2d 829, af-firmed 287 N.Y. 555, 38 N.E.2d 224, reversing an award of the State Industrial Board, with Kusel v. Eastern Bridle Iron & Steel Corp., 258 App.Div. 831, 15 N.Y.S.2d 569, affirmed 283 N.Y. 671, 28 N.E.2d 400, affirming an award. See also Sheiner v. Sheiner & Blum, 268 App.Div. 841, 50 N.Y.S. 282; Flammer v. Bethlehem Steel Co., 268 App.Div. 944, 51 N.Y.S.2d 258, appeal denied 268 App.Div. 1072, 52 N.Y.S. 2d 938; and cf. Schwalenstocker v. Department of Taxation and Finance, 293 N.Y. 861, 59 N.E.2d 448.

son v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Southern Shipping Co. v. Lawson, D.C.S.D.Fla., 5 F.Supp. 321. Having in mind the liberal construction of the Act in favor of the injured employee or his family, Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S.Ct. 18, 76 L.Ed. 516, we have no desire to go against this weight of precedent to enter the morass of a definition of a "fortuitous" event. Instead we hold with the district judge that the deputy commissioner's finding of death from accidental injury arising out of and in the course of the employment is supported by the evidence.

Judgment affirmed.