**BROWN–PACIFIC MAXON CO. et al. v. CARDILLO et al.**

Civ. No. 53—394.

United States District Court
S. D. New York.

Aug. 3, 1950.

Joseph D. Edwards, New York City, for plaintiffs.

Irving H. Saypol, U. S. Atty., New York City (J. D. Kelly, Asst. U. S. Atty., New York City, of counsel), for defendants.

SAMUEL H. KAUFMAN, District Judge.

Plaintiffs seek to set aside, as not in accordance with law, a compensation order made by defendant deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C.A. § 901 et seq. The order directs plaintiffs to make specified payments to Ernestine Jacobs as compensation for the disability and death of her husband, Homer V. Jacobs. Jurisdiction is predicated on 33 U.S.C.A. § 921(b). Plaintiffs and defendants have severally moved for summary judgment.

The facts material to this proceeding, as found by the deputy commissioner, are as follows: On January 22, 1948, and for approximately three months prior thereto, Homer V. Jacobs was employed on the island of Guam by the Brown-Pacific Maxon Company. As a result of that employment, Jacobs became acutely ill, and developed a rapidly progressive bilateral pulmonary tuberculosis which caused his death on April 7, 1949.

On October 7, 1943, Jacobs submitted to an X-ray of his chest, which X-ray disclosed moderate fibrotic changes in each extreme apex, associated with a calcified nodule in the periphery of the right mid-lung field and calcium deposits in the hilium. These conditions were the residuals of an early lung infection which had become arrested and the lesion had healed. At that time Jacobs exhibited no abnormal physical signs and had no clinical or active tuberculosis. He continued working without any complaints.

For nine months prior to October, 1947, Jacobs worked in New Orleans, La. In the latter part of October, 1947, he was hired to work for Brown-Pacific as an electrician-helper on a project on the island of Guam. A pre-employment physical examination in New Orleans disclosed that he was then physically fit for the employment.

Jacobs went from New Orleans to San Francisco, California to await air transportation to Guam. While in San Francisco, he caught a cold which cleared up within a couple of weeks. He arrived in Guam early in November, 1947 and was given employment as a switchboard operator.

He worked seven days a week, from 3:00 P.M. to 11:00 P.M. He worked under pressure, and being the only operator, he was allowed little time to attend to personal wants. In the latter part of December, 1947, he was assigned to heavy outside electrical work. He worked in a hot and humid climate, under adverse weather conditions, and at times was drenched by rain.

In the middle of January, 1948, Jacobs developed acute symptoms consisting of shortness of breath, fever, cough, weakness, and loss of weight; he became acutely ill, and developed a rapidly progressive pulmonary disease. On January 24, 1948, he was admitted to the United States Naval Hospital at Guam where a diagnosis of bilateral tuberculosis was made. He was thereafter evacuated to the United States and was hospitalized until his death on April 7, 1949. The deputy commissioner found that "the employment in Guam aggravated a pre-existing latent pulmonary tuberculosis causing his disability and ultimate death".

On the basis of this finding, the deputy commissioner allowed compensation for the period of Jacobs' total disability at the maximum amount permitted by the Act prior to the amendment of June 24, 1948. He also awarded death benefits, and since the death occurred subsequent to the amendment of June 24, 1948, the deputy commissioner computed the death benefits under the increased rate allowed by the amendment.

The plaintiffs urge in their complaint that the award is contrary to law in that:

1. The deceased was not exposed by his employment to any risk or hazard peculiar to and inherent in the nature of his work;

2. The weight of the credible medical evidence failed to establish any causal relationship between the pulmonary tubercu-

losis, the cause of death, and his occupation.

3. The amendment of June 24, 1948 establishing increased benefits does not apply in this case.

Plaintiffs also contend that the award is not in accordance with law in that it was based on erroneous findings of essential facts by the deputy commissioner, namely:

1. That on January 22, 1948, and for approximately three months prior thereto, the employee was employed as an electrician-helper;

2. That claimant was a native New Yorker;

3. That deceased worked under pressure;

4. That in the latter part of December, 1947, he was assigned to heavy outside work;

5. That he worked in a hot and humid climate under adverse weather conditions.

■■ Plaintiffs' first objection is that the deceased was not exposed to any risk or hazard peculiar to and inherent in the nature of his work. There is ample medical evidence in the testimony of Dr. Eglee and Dr. Leetch, and in the letter of Dr. Schneiders and the report of Dr. Leetch, that the work on Guam aggravated Jacobs' tuberculosis. Such aggravation of a pre-existing disease or condition which "hastens an employee's death" is covered by the Act. Harbor Marine Contracting Co. v. Lowe, 2 Cir., 152 F.2d 845. The employer takes the employee as he is. "If he is suffering from a disease, and the ordinary exertion incidental to the work brings on an attack or acceleration, or aggravation of it, we have a compensable injury." Trudenich v. Marshall, D.C., 34 F.Supp. 486, 489. Even though "99 per cent. of the workmen may never get tuberculosis as a result of laboring under the same conditions for equally long periods of time", the employee is entitled to compensation if his latent disease was aggravated by working under those conditions. Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, 466, see concurring opinion of Swan C. J.

Under these authorities, since there is evidence of aggravation this contention of plaintiffs is untenable.

■■ Plaintiffs, in their second objection, misconceive the court's function in this proceeding. The court is not permitted to reweigh the medical evidence to determine whether or not the weight of the credible evidence establishes the causal relationship between the cause of death and the employment. If there is substantial evidence to support the findings of the deputy commissioner, the court is powerless to disturb them. Grain Handling Co. v. Sweeney, supra; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Southern S. S. Co. v. Norton, 3 Cir., 101 F.2d 825. There is ample evidence to substantiate the finding of the required causal relationship.

■ The award of death benefits computed at the increased amounts permitted by the amendment of the Act on June 24, 1948 was correct. The employee died approximately ten months after the amendment of 1948 became effective. Section 6 of the amendment provided: "The provisions of this Act shall be applicable only to injuries or deaths occurring on or after the effective date hereof." 62 Stat. 604, 33 U.S.C.A. § 906 note.

The right of the employee's widow and dependent children to recover death benefits does not arise until the date of the employee's death. "When death occurs, a new cause of action arises * * *." International Mercantile Marine Co. v. Lowe, 2 Cir., 93 F.2d 663, 665, certiorari denied 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532; Hitt v. Cardillo, 76 U.S.App.D.C. 334, 131 F.2d 233, certiorari denied 318 U.S. 770, 63 S.Ct. 760, 87 L.Ed. 1140. Thus, the fact that the injury occurred prior to the amendment did not limit the death benefits by the then existing rates, and the deputy commissioner was correct in awarding benefits at the rates in effect on the date of death.

The first alleged erroneous finding of fact is that the employee was an electrician-helper for approximately three months prior to January 22, 1948. While technically this may be a misstatement of fact, it is not substantial error. Jacobs had been hired to work as an electrician-helper. The deputy commissioner did, in his subsequent

findings, determine what the record reveals to be the correct fact, namely, that Jacobs worked for a time as a switchboard operator.

The second alleged error, that claimant was a native New Yorker, is immaterial. Whether claimant was a native New Yorker or not did not in any way affect his right to compensation.

The characterization of the outside work as "heavy" is one which the trier of the facts is entitled to make. This court cannot say that there is no evidence to substantiate it. Furthermore, in view of the medical testimony, whether the work was heavy or light could not affect the right to compensation.

The other findings complained of are clearly substantiated by the record.

Defendants' motion for summary judgment is granted; plaintiffs' cross-motion for summary judgment is denied.

Settle order on notice.