*882 Dye, J. (dissenting).
There is no good reason for postponing decision of the clear-cut and important question posed by this case, that is, whether compensation is payable for a mental injury precipitated by a mental cause without physical impact. The way to an affirmative answer has already been pointed to in Matter of Pickerell v. Schumacher (242 N. Y. 577, affg. 215 App. Div. 745) wherein it was recognized that compensation should be paid for injuries resulting from fright, mental and nervous shock and the consequences thereof without any or other physical injuries, although, to be sure, a physical symptom developed some time later which was attributed to the accident (cf. Yates v. South Kirkby Collieries, [1910] 2 K. B. 538; Matter of Kalikoff v. Lucas & Co,, 297 N. Y. 663, affg. 271 App. Div. 942).
From the beginning, the New York State Workmen’s Compensation Law has provided, without restriction, for the payment of disability and death benefits to workmen for injuries resulting from accident “ arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom” (Workmen’s Compensation Law, § 2, subd. 7). Other jurisdictions having the same or similar statutes as New York sustain compensation awards for mental injury resulting from mental cause without physical contact (Charon’s Case, 321 Mass. 694; Burlington Mills Corp. v. Hagood, 177 Va. 204), although not those jurisdictions where the applicable statute specifically excludes an award unless there is also proof of injury to the physical structure. (Bekelski v. Neal Co., 141 Neb. 657; City Ice & Fuel Division v. Smith, 56 So. 2d 329 [Fla.]; Liscio v. Makransky & Sons, 147 Pa. Super. Ct. 483; cf. Hunter v. St. Mary’s Natural Gas Co., 122 Pa. Super. Ct. 300.)
Texas has gone even further. It granted compensation benefits to a workman who became emotionally disabled after witnessing the fall of a fellow employee from a scaffold from which they were both working and this despite a restrictive ‘ ‘ damage to physical structure ” type of statute. (Bailey v. American Gen. Ins. Co., 154 Tex. 430.)
Here the board had before it the testimony of three qualified physicians, including an impartial specialist, who stated that mental injury can and does arise from mental causes and who, *883 under the circumstances of this case, found causal connection. A fourth physician called by the carrier expressed his view that he did not ‘ ‘ think ’ ’ there was causal connection but would not be “positive”. The board resolved the conflict by making findings of fact as to accident, causal relation and resulting disability to sustain an award, which findings have been affirmed in the court below and are conclusive (Workmen’s Compensation Law, § 23).
Since this record establishes that the claimant sustained accidental injuries due to mental cause arising “ ont of and in the course ” of his employment, he should have an award of compensation benefits. Nothing is to be gained by awaiting another day.
For these reasons, the order of the Appellate Division should be reversed and the decision and award of the Workmen’s Compensation Board affirmed, with costs.
Order affirmed, etc.