Paul J. Widlitz, J.
This court concerns itself with two actions united for simultaneous trial by a prior order of consolidation.
G. S. K. Contracting Corporation contracted with the United States Army Corps of Engineers in July of 1959 to rehabilitate certain barracks located at Fort Tilden, New York, and during the same month entered into a subcontract with the East Meadow Plumbing Contractors, Inc., to do the plumbing work required under the dominant contract which included, among other things, the installation of a shower and a lead pan in each of the barracks numbered T-120 and T-126. East Meadow Plumbing Contractors, Inc., embarked upon its subcontract and completed the work under discussion in May of 1960. In October, 1960, Gr. S. K. Contracting Corporation, as general contractor, received a complaint from the United States Army Corps of Engineers of a leak in one of the barracks. Upon receipt of this complaint, East Meadow Plumbing and the general contractor visited the site, exposed the area in question, and East Meadow Plumbing Contractors, Inc., soldered certain patent nail holes. However, the leaks and the complaints continued, and, although notices were sent to East Meadow Plumbing Contractors, Inc., to correct the situation as required under the one-year guarantee provision of its contract, the plumbing subcontractor never returned. G. S. K. Contracting Corporation, as the prime contractor, ripped up the two floors exposing the shower pans, and, upon an inspection by an army inspector, it was discovered that the lead pans had been cut and folded and had not been soldered, all in direct violation of the specifications provided by the United States Army Corps of Engineers for the job. Upon such exposure, G. S. K. Contracting Corporation thereupon completed the necessary repair work at a cost of $1,100, the sum sued for in Action No. 2.
In Action No. 1, East Meadow Plumbing Contractors, Inc., seeks to recover the damages above referred to from the Zurich Insurance Company, its insurer, under a comprehensive general liability policy. The insurer disclaimed liability refusing to defend the action, and East Meadow Plumbing Contractors, Inc., *672 seeks a declaration of its rights under the outstanding liability policy.
This court will dispose of Action No. 2 first for more orderly presentation.
The complaint in this second action simply alleges breach of a contract and damages in the amount of $1,100. The evidence amply established that the installation of the lead pans in the two barracks did not comply with the written specifications. Section 19-11 of the written specifications provided: “ shower rooms shall be made watertight with a lead pan fabricated in place. * * * The corners shall be folded, not cut, and the corner seam shall be soldered or burned.”
The testimony of every witness indicated that the corners had been cut and had not been soldered. There was further testimony from an army inspector that he saw the leaking of water through these corners.
Such a breach establishes liability, and G-. S. K. Contracting Corporation is granted judgment in the sum of $1,100.
As to the first action, it simply might be said that the comprehensive general liability policy under discussion pertains only to injuries caused by accident. The complaint alleges a breach of contract and deals with poor workmanship rather than with tort. ‘ ‘ An accidental event takes place without one’s foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected.” (Matter of Woodruff v. Howes Constr. Co., 228 N. Y. 276, 278.) “ The injuries resulted from no occurrence which is referable to any particular moment of time which is definite. The word ‘ accident ’ is derived from the Latin verb accidere, signifying 1 fall upon, befall, happen, chance ’ (Century Dictionary), and denotes an event which occurs upon the instant rather than something which continues, progresses, or develops.” (Jeffreyes v. Sager Co., 198 App. Div. 446, 447.)
True it is that had the allegations in the complaint between the contractors been grounded in negligence, regardless of the actual cause of damages, the insurer would be bound to defend (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148), but the complaint does not allege a tortious act and the insurer was not obliged to defend under the terms of its policy.
The further contention of Zurich that there was involved a ‘ ‘ products hazard ’ ’ under the policy definition which was excluded under the terms of the policy need not be considered.
Accordingly, with respect to Action No. 1, it is the judgment of this court that Zurich Insurance Company is not obligated *673 under its comprehensive general liability policy and renewal thereof to pay any sums that might be recovered by Gr. S. K. Contracting Corporation against East Meadow Plumbing Contractors, Inc., in Action No. 2, and Zurich Insurance Company is further not obligated to defend its insured in that action.