OPINION OF THE COURT
Lewis R. Friedman, J.
The city moves to dismiss this action on the ground that plaintiff was its "employee” at the time of the accident and, therefore, that the action is barred by the Workers’ Compensation Law. The case presents a question which has not been resolved in the reported cases: whether a public welfare recipient who is required to work for a municipal agency as a condition of receiving that aid is an "employee” within the meaning of section 2 of the Workers’ Compensation Law.
*63 The operative facts are not in dispute. Plaintiff had been receiving public assistance. Pursuant to Social Services Law § 164, and the applicable regulations (18 NYCRR 385.12), plaintiff was assigned to the New York City Sanitation Department. He asserts that he was injured when he fell off a Sanitation Department truck and fractured his rib and ankle.
A threshold question is whether this motion should be resolved by this court or whether the issue should be referred for determination to the Workers’ Compensation Board. The rule is now well settled that the Workers’ Compensation Board has primary jurisdiction to determine whether a person is an employee and whether an injury occurred during the course of the employment. That is, "where the availability of workmen’s compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions” (O’Rourke v Long, 41 NY2d 219, 228; Botwinick v Ogden, 59 NY2d 909, 911; Shine v Duncan Petroleum Transp., 60 NY2d 22; Liss v Trans Auto Sys., 68 NY2d 15, 21; Matter of Gordon v New York Life Ins. Co., 300 NY 652, 654). The Board must be given an opportunity to act prior to any resort to the courts. In those instances, the courts should not express any views on the question of whether the plaintiff is an employee. However, where the employment question presents "an issue of statutory construction and presents a pure question of law”, the courts may resolve the issue without reference to the Board (O’Rourke v Long, supra, 41 NY2d, at 224; see, Shine v Duncan Petroleum Transp., supra).
The relationship between these parties here, however, is a pure question of law, based on rules created by statute and regulation and does not turn on issues of fact. Further, without question the injury occurred in the course of the "employment” relationship, since plaintiff alleged that he fell from the truck while he was working. This court should not, therefore, defer determination pending a proceeding before the Board.
The Anglo-American tradition has often required welfare recipients to perform work as a condition of their continued receipt of payment (see, e.g., 18 Eliz ch 3 [1576]; 43 Eliz ch 2 [1601]; Kelso, History of Public Poor Relief in Mass., 1629-1920, at 107 [1922]; Note, The Status and Rights of Injured Relief Workers, 36 Colum L Rev 555, 556-563 [1936]). New *64 York has followed a pattern of alternately requiring and not requiring work. Under the regulations in place at the time of this incident, welfare officials are required to provide for "public work project (PWP) assignments for employable HR [home relief] recipients who are unable to secure employment in the regular economy” (18 NYCRR 385.12 [a]). The regulatory guidelines provide goals for the work project’s work in terms of improving or developing skills: they also limit work to productive, safe jobs that do not displace "regular employees” (18 NYCRR 385.12 [f] [l]-[4]). Participation by home relief recipients is mandatory (18 NYCRR 385.14 [a] [1], [2]; see, Matter of Ray v Blum, 91 AD2d 822).
Although the cases in New York are not dispositive, it becomes clear on analysis that PWP workers are the city’s employees under the Workers’ Compensation Law.
The legislative history is unequivocal. Section 10 of the Workers’ Compensation Law by its terms is obviously applicable to a person who performs the ordinary services of an employee and who is injured in the course of that employment. In 1934 the section was amended to exclude "persons receiving 'work relief and employed on work relief projects” (L 1934, ch 769). This exception was added so that work relief employees "should not be on the same footing as other industrial employment” (mem to Governor, from Elmer F. Andrews, Industrial Commissioner, in Bill Jacket to L 1934, ch 769). However, in 1941, that amendment was repealed (L 1941, ch 444). Nathan Sobel, then Counsel to the Governor, wrote "I do wish to point out, however, that if the new work relief bill is approved, there is no provision in the present law which exempts the municipality from liability if such a person is injured on one of these work projects.” (Mem to Governor, Apr. 14, 1941, in Bill Jacket to L 1941, ch 444.) The State Comptroller has reached the same conclusion. (7 Opns St Comp, 1951, at 33; 1980 Opns St Comp No. 80-256.)
The Appellate Division has even found that a work relief rule adopted by a city, without regard to the State statute, is sufficient to require workers’ compensation benefits. (Matter of Maiceo v City of Yonkers, 263 App Div 914, affd 288 NY 689.)
Workers’ compensation coverage is to extend to PWP recipients in the vast majority of cases yielding the benefit of recovery without fault; the detriment in some cases such as the case at bar, that common-law suit is precluded, does not call for a different operation of the rule. The municipality to *65 which a PWP worker is assigned receives the benefit of the labor; workers’ compensation coverage is a small price to pay.
In short, the court finds no reason why the Workers’ Compensation Law should not apply. The motion to dismiss is granted.