TURNBULL et al. v. CYR, Deputy, Bureau of Employees' Compensation, et al.

No. 12493.

United States Court of Appeals
Ninth Circuit.

March 20, 1951.

456

Leonard Hanna & Brophy, Edmund D. Leonard and Ivan A. Schwab, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Edgar R. Bonsall and Macklin Fleming, all of San Francisco, Cal. (Ward E. Boote, Chief Counsel, Herbert P. Miller, Asst. Chief Counsel, Bu. of Employees' Compensation, Fed. Security Agency, Washington, D. C., of counsel), for appellee.

Before STEPHENS and ORR, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Kenneth R. Ross was employed in the year 1943 by J. Gordon Turnbull and Sverndrup and Parcel, contractors on the Canol Project, a defense base project in Yukon Territory in Canada. Ross died on March 30, 1948, as a result of tuberculosis found to have been contracted while engaged in this work. Lois G. M. Ross, as widow and on behalf of John Gary Ross, a son born September 2, 1947, filed an application for death benefits under the Longshoremen's and Harborworkers' Compensation Act, as extended by Defense Bases Act. A hearing was had before Cyr, as Deputy Commissioner. On July 8, 1948, there was filed a compensation order awarding death benefits to Lois G. M. Ross and to John Gary Ross. A complaint for injunction against enforcement of the order was filed. The District Court filed an order dismissing the complaint, and this appeal followed.

Three grounds of error are assigned. First, it is said the evidence is insufficient to support the finding that Lois G. M. Ross is the widow of the deceased employee. The evidence showed positively that she and deceased lived together as man and wife in Colorado, a state which recognizes common law marriages, from June, 1947, until the death of Ross in March, 1948. The child was born in Colorado on September 2, 1947, while this relationship was in existence. Lois G. M. Ross was known and recognized as the wife of Ross during all the time they lived in Colorado. Based upon this evidence, the Deputy Commissioner found that there was a common law marriage and that she was the surviving wife and the widow of Ross. These were questions of fact, and both the District Judge and this Court are bound by the finding of the administrative officer. Second, it is contended that Lois G. M. Ross was not included in the class of persons entitled to the benefits of the Act. Third, the same contention is made as to the son of the deceased employee. These are both questions of law. The Defense Bases Act provides that the scheme of compensation set up in the Longshoremen's and Harborworkers' Act shall be applicable to employees in certain defined areas known as "Defense Bases." The language is as follows:

"Title 42 U.S.C.A. § 1651 * * *

"(a) Except as herein modified, the provisions of sections 901–921 and 922–950 of Title 33, as amended, shall apply in respect to the injury or death of any employee engaged in any employment—" of the type defined therein.

■ The Longshoremen's and Harborworkers' Act, in certain of the sections above referred to, defines the "widow" as "only the decedent's wife living with or dependent for support upon him at the time of his death * * *."[1] It is clear, since the conditions are stated in the alternative, that fulfillment of either one of the conditions qualified Lois G. M. Ross as widow. The Deputy Commissioner found, as above noted, that Lois G. M. Ross was the wife of the deceased employee, and further that she was living with Ross at the time of his death. Upon these facts the words of the basic statute would literally require that she be awarded compensation, for it is provided[2] that, "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following: * * * (b) If there be a surviving wife or dependent husband and no child of the deceased, to such surviving wife or dependent husband 35 per centum of the average wages of the deceased, during widowhood, or dependent widowerhood, with two years' compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased, the additional amount of 15 per centum of such wages for each such child". Construction of this language is supererogation. This distinction between "surviving wife" and "dependent husband" is also carried into the definitions.[3] Therefore, the clause of 33 U.S.C.A. § 909(f), to the effect that "All questions of dependency shall be determined as of the time of the injury" does not militate against this construction, since the question of technical dependency does not enter here.

■ John Gary Ross, the son of deceased, was born after the inception of the disease which culminated in the death of Ross. Since Lois G. M. Ross was found to be the wife of Ross at the date of the birth of this child, he was legitimate, and no question as to his dependency arises.[4] Therefore, compensation on his behalf must be paid, as the plain language provides.

■■ Nor do we believe that Congress intended to modify the provisions of the Longshoremen's and Harborworkers' Act in this respect by the use of certain language in the Defense Bases Act, which adapted this statute to the instant case. It is true that 42 U.S.C.A. § 1651 (c) refers to the liability of an employer or subcontractor "to his employees (and their dependents)", while Subsection (e) provides that "No right shall arise in any employee or his dependent under * * * this section, prior to two months after the approval * * * of this act." While there seems to be a loose or colloquial use of the word "dependent" in this section, it seems clear that Congress did not intend thereby to modify the sections of the basic act. The purpose to adapt the existing law to the needs of employees in defense work, such as Ross, is not to be controverted.[5] If the plain words of the basic statute were ambiguous by virtue of the language of the adopting enactment, the administrative construction in favor of liability would be of great weight. The District Judge was bound by the findings of fact of the Deputy Commissioner, as we are.

The order dismissing the complaint is affirmed.

1. 33 U.S.C.A. § 902(16).

2. 33 U.S.C.A. § 909.

3. 33 U.S.C.A. § 902(17).

4. See 33 U.S.C.A. § 902(14).

5. Discussion before Subcommittee No. 1 of the Committee on the Judiciary, House of Representatives, 77th Congress, 2nd Session, on S.2412, later enacted as P.L. 784. This discussion occurred September 17, 18 and 22, 1942, while the Defense Bases Act was under consideration.