539 F.2d 378
 NORFOLK, BALTIMORE AND CAROLINA LINES, INC., and Liberty
Mutual Insurance Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENTOF LABOR et al., Respondents.
 No. 75-1896.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 6, 1976.
Decided Aug. 6, 1976.
 
 Charles H. Gibbs, Charleston, S. C. (Stephen E. Darling, Sinkler Gibbs Simons & Guerard, Charleston, S. C., on brief), for petitioners.
 Linda L. Carroll, U. S. Dept. of Labor, Washington, D. C., Joseph F. Kent, Neighborhood Legal Assistance Program, Inc., Charleston, S. C. (Darra Williamson Cothran, Neighborhood Legal Assistance Program, Inc., Charleston, S. C., on brief), for respondents.
 William McL. Ferguson, Ferguson & Mason, Newport News, Va., and Luther G. Jones, III, Fairfax, Va., Seyfarth, Shaw, Fairweather & Geraldson, Washington, D. C., on brief, as amicus curiae.
 Before BRYAN, Senior Circuit Judge, and CRAVEN and RUSSELL, Circuit Judges.
 ALBERT V. BRYAN, Senior Circuit Judge:
 
 
 1
 The Longshoremen's and Harbor Workers' Compensation Act was amended in 1972 to provide a death benefit to the survivors of an employee who has sustained "permanent total disability due to (an) injury (and) thereafter dies from causes other than the injury ." 33 U.S.C. §§ 901, 909. The employer and its insurance carrier, Norfolk, Baltimore and Carolina Lines, Inc. and Liberty Mutual Insurance Company, respectively, together appeal the decision of the Benefits Review Board approving the conclusions of the Administrative Law Judge* and directing an award under this amendment to the widow and children of Lee Rouse. 33 U.S.C. § 921(c).
 
 
 2
 Appellants' case against the award is sharply made by this chronicle of the agreed facts: On July 6, 1965 Rouse was injured while working as a longshoreman on navigable waters at Charleston, South Carolina; on September 25, 1969 he was declared permanently and totally disabled by such injury; at all times when he was employed, injured and found disabled the law allowed death benefits only "(i)f the injury causes death"; in 1972 the amendment for the first time created benefits for a death not caused by the injury; on February 11, 1974, while disabled, he died, but not as the result of the injury.
 
 
 3
 On this factual predicate appellants contend that: (1) the Act as so amended contains inconsistencies and conflicting provisions, rendering application of the amendment impracticable; (2) the application of the 1972 amendment is retrospective and therefore unconstitutional as a denial of due process and an impairment of the obligation of contracts; and (3) because the amendment affords benefits for a death unrelated to maritime employment, it exceeds the constitutional grant to Congress of admiralty jurisdiction and is thus a legislative imposition amounting to a denial of due process, Article III, Section 2, Clause 1; Amendment V.
 
 I.
 
 4
 Despite the possible incongruities charged to the Act as amended in 1972, the intention of Congress in its amendment of § 909 of 33 U.S.C. remains altogether clear and intelligible. Predominantly stamped upon the amendment throughout is its purpose: to enlarge the recompense provided to the survivors of a longshoreman dying after suffering a permanent and total disability. Cf. Lawson v. Suwannee S.S. Co., 336 U.S. 198, 201, 69 S.Ct. 503, 93 L.Ed. 611 (1949).
 
 II.
 
 5
 In defense to appellants' assault upon the amendment for its retrospectiveness, respondents aver that in truth there is no retroactivity. The Act gives two independent reparations, one for injury payable to the employee and another for the relief of his survivors. The second is a new cause of action, not existent during the decedent's lifetime. It does not become vested until death. Hampton Roads Stevedoring Corp. v. O'Hearne, 184 F.2d 76, 79 (4 Cir. 1950). Hence, respondents argue, there can be no retrospective play of it through the amendment into the ante-mortem period. Appellants' claim, nevertheless, is quite understandable, for as a practicable matter there is a death benefit post-1972 which was not there in previous years. However, resolution of this conflict of views is not required, since while statutes of retrospective force are not favored, they are not per se unconstitutional. Stephens v. Cherokee Nation, 174 U.S. 445, 477, 19 S.Ct. 722, 43 L.Ed. 1041 (1899). Furthermore, as appears in part III infra, generous authoritative precedent enunciates the constitutional validity of the kind of amendment to the Longshoremen's Act as is now before us, repelling and removing the same question and doubt appellants press.
 
 III.
 
 6
 The imputation of invalidity to the amendment on the basis of unrelatedness to maritime employment and consequently ultra vires the constitutional investment of admiralty jurisdiction, poses the real core and content of this case. Actually, the salient of the attack is not that the admiralty does not encompass redress for longshoremen's survivors. It is only that the jurisdiction does not embrace the very benefits purportedly conferred by the amendment. This, appellants argue, is because presently these benefits are without nexus to maritime injury that they have no causal connection with something done or left undone within the province of admiralty.
 
 
 7
 To the contrary, we think the beneficences of the amendment are maritime in nature since they are in furtherance of the purpose of the Act, and at this date the constitutionality of the Longshoremen's Act is beyond debate. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). The evident and outstanding wish of Congress was to assure indemnification of survivors of the inshore worker who had become utterly disabled in his work for the rest of his life.
 
 
 8
 Death benefits were included in the Act before the 1972 amendment, so that it did not introduce a novel or radical concept. This court has unequivocally insisted that they may constitutionally be increased after the injury and before death. Hampton Roads Stevedoring Corp. v. O'Hearne, supra, 184 F.2d 76, 78 (4 Cir. 1950). That is precisely the immediate situation; the 1972 amendment enlarged those benefits in that interval.
 
 
 9
 Furthermore, contrary to appellants' advocacy, there was no constitutional inhibition on Congress to expand the causal clause of the original Act. This is true notwithstanding the employer and the insurer may have believed they had contractual rights in the limitation of benefits called for by the Act when, prior to 1972, they assumed these obligations. The amendment cannot be voided on the ground that it constituted an impairment of contracts, for the constitutional bar to such impairment is directed only to the States. Article I, Section 10.
 
 
 10
 Nor is the amendment an ordaining by Congress of a responsibility without due process. In Fleming v. Rhodes, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368 (1947), the Court met this contention head-on:
 
 
 11
 "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts".
 
 
 12
 Additionally to foster its paramount intendment of succor to the longshoreman's survivors, the amendment carries procedural assistance to them. It eases their burden of proving that the death was the result of the disabling injury. For years that has been the subject of much litigation. Cardillo v. Liberty Mutual Co., 330 U.S. 469, 477-479, fn. 4, 67 S.Ct. 801, 91 L.Ed. 1028 (1947).
 
 
 13
 As we discern no flaw in the decision of the Benefits Review Board, it will not be disturbed.
 
 
 14
 Affirmed.
 
 
 
 *
 The Administrative Law Judge initially was George A. Fath and at the final stage was Marshall E. Miller