ST. LOUIS SHIPBUILDING AND
STEEL COMPANY and Travelers
Insurance Company, Petitioners,

v.

June H. CASTEEL (widow of Paul L. Cas-
teel) and Director, Officer of Workers'
Compensation Programs, United States
Department of Labor, Respondents.

No. 77–1769.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1978.

Decided Aug. 23, 1978.

Edward W. Warner, Evans & Dixon, St.
Louis, Mo., for petitioners.

Linda L. Carroll, Dept. of Labor, Wash-
ington, D. C., for respondents; Carin Ann
Clauss, Sol. of Labor, Laurie M. Streeter,
Associate Sol. on the brief.

Before LAY, HEANEY and ROSS, Cir-
cuit Judges.

ROSS, Circuit Judge.

St. Louis Shipbuilding and Steel
Company (the employer) petitions this court
to review an order of the Benefits Review
Board affirming an award of death benefits
under the provisions of section 8(d)(3) of the
Longshoremen's and Harbor Workers' Com-
pensation Act, 33 U.S.C. § 908(d)(3), as
amended. This court has jurisdiction pur-
suant to section 21(c) of the Act, 33 U.S.C.
§ 921(c), as amended.[1]  We affirm.

---

1. The decision of the Benefits Review Board
reversed the decision of the administrative law
judge on the issue of the amount of benefits to
be awarded and, supplying the formula to be
used in making the correct computation, re-
manded the case for entry of an appropriate
order. Under these circumstances, the order of
the Board was final and reviewable in this
court under 33 U.S.C. § 921(d). *See Nacirema
Operating Co. v. Lynn,* 577 F.2d 852, 853 n.1
(3d Cir. 1978); *Sea-Land Service, Inc. v. Di-
rector, Office of Workers' Compensation Pro-
grams,* 540 F.2d 629, 631 n.1 (3d Cir. 1976).

## I.

The deceased employee, Paul L. Casteel, sustained a work-related back injury in 1960. He filed a claim under the Act and in 1963 was determined to have suffered a 15 percent permanent partial disability. Casteel was awarded compensation benefits of $7.48 per week on account of his disability. That amount was paid by the employer until Casteel's death in 1973 from heart disease, a cause unrelated to his back injury.

Casteel's widow, on behalf of herself and the couple's dependent minor children, filed a claim for death benefits under section 8(d)(3) of the Act. As amended in 1972, section 8(d)(3) entitles the survivors of a deceased employee to collect death benefits if the employee was receiving compensation for permanent partial disability and died "from causes other than the injury." Prior to this amendment, death benefits were collectible only if it was proved that the employee had died from causes related to his work injury. Thus, under the law in existence at the time of Casteel's injury, his survivors would be not entitled to death benefits, while under the law at the time of his death, they would be.

The main question presented here is whether the 1972 amendments apply to the facts of this case and, if they do, whether the provisions for death benefits are constitutional.

## II.

We are met at the outset with the employer's contention that the law to be applied is that in effect at the time of Casteel's injury and not that at the time of his death. An award of death benefits in this case, the employer argues, would give an impermissibly retroactive effect to the 1972 amendments.

■ This argument has been rejected by every court addressing the question. *See,* *e. g., Nacirema Operating Co. v. Lynn,* 577 F.2d 852 (3d Cir. 1978); *State Insurance Fund v. Pesce,* 548 F.2d 1112, 1114 (2d Cir. 1977); *Norfolk, B. & C. Lines, Inc. v. Director, Office of Workers' Compensation Programs,* 539 F.2d 378, 380 (4th Cir. 1976). The cited cases each involved claims for death benefits under the 1972 amendments to section 9 of the Act, 33 U.S.C. § 909, which provide for the recovery of death benefits by the survivors of a workman suffering from permanent total disability who thereafter dies from causes unrelated to his injuries. In each case, the court expressed doubt that the amendments were in any sense being applied retroactively since the liability for death benefits comes into existence only upon the event of death and is therefore independent of the liability for disability benefits occasioned by the earlier injury.

The employer insists that the present case is distinguishable from those cited in that the latter involved death benefits payable under section 9 of the Act to the survivors of workmen who had been receiving disability benefits payable under section 8. In the instant case, Mrs. Casteel sought death benefits under the provisions of section 8, which is the same section under which Mr. Casteel had been receiving disability benefits. Thus, the employer concludes, the two liabilities cannot be said to be separate and distinct because they are both provided for in the same section of the Act and, therefore, the survivors' right to death benefits is derived from and must relate back in time to the original injury.

We find this distinction unpersuasive. The only difference of present importance between the death benefits provided for in sections 8 and 9 is that the former are for the benefit of the survivors of one who suffered from permanent *partial* disability while the latter are for the benefit of the survivors of one who suffered from permanent *total* disability. Whether the worker was partially or totally disabled does not change the essential differences between disability and death benefits. In either sit-

uation, death benefits are recoverable by a unique class of claimants, namely survivors, and are payable, if at all, only in the event of death, an event distinct from the original injury. Moreover, the amending language of section 8 specifically incorporates the provisions of section 9 relating to the payment of death benefits. Section 8(d)(3) presently provides in part:

> If an employee who was receiving compensation for permanent partial disability pursuant to subdivision (c)(21) of this section dies from causes other than the injury, his survivors shall receive death benefits as provided in section 909(b)–(g) of this title * * *.

Accordingly, we reject the argument that the entitlement to death benefits provided for in section 8 was intended to relate back to the date of the original injury.

### III.

The employer next contends that the death benefits provided for in section 8(d)(3) of the Act are unconstitutional both because they exceed the scope of congressional maritime jurisdiction and because they are so arbitrary and unreasonable as to amount to a deprivation of due process. As to the first argument, we agree with the Third Circuit that the amendments are within Congress' maritime power to provide indemnification to the survivors of injured maritime workers. *See Nacirema Operating Co. v. Lynn*, 577 F.2d at 853 (3d Cir. 1978).

We are also persuaded that the 1972 amendments are rationally related to that goal. Whether or not the payment of death benefits is dependent upon a showing that the employee died from a work-related injury, "we cannot say that the scheme is wholly unreasonable in providing benefits for those who were most likely to have shared the [employee's] suffering. Nor can we say that the scheme is arbitrary simply because it spreads the payment of benefits over a period of time." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 25–26, 96 S.Ct. 2882, 2897, 49 L.Ed.2d 752 (1976).

The judgment is affirmed.

