**HITT et al. v. CARDILLO, Deputy Commissioner (HERLINGER, Intervenor).**

**No. 8043.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 6, 1942.

Decided Oct. 26, 1942.

Mr. Warren E. Magee, with whom Messrs. Chas. S. Baker and Benj. L. Tepper, all of Washington, D. C., were on the brief for appellants.

Messrs. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, and Henry H. Glassie, Jr., with whom Messrs, Edward M. Curran, United States Attorney, Bernard J. Long, Assistant United States Attorney, Christopher B. Garnett and Herbert P. Miller, Associate Counsel, United States Employees' Compensation Commission, all of Washington, D. C., were on the brief for appellees.

Before GRONER, Chief Justice, and MILLER, and VINSON, Justices.

GRONER, C. J.

This is an appeal under the Longshoremen's Act.[1] Appellants sought an injunction in the District Court to set aside an order issued by the Deputy Commissioner, awarding compensation to Wanda Herlinger, widow of Harrison Herlinger, a former employee of appellant Henry Hitt. The court dismissed the complaint. The facts are these:

The deceased, Harrison Herlinger, was injured while in the employ of Hitt as the result of the negligence of a third party. The injury occurred July 31, 1934, and caused total disability followed by death on September 5, 1939. Herlinger elected to receive compensation under the provisions of Section 33(a) of the Act,[2] and the statutory compensation, under an award of "permanent total disability," was paid him by the employer's insurer until his death. His widow thereafter filed claim for death benefits under Section 9 on behalf of herself and two minor children.[3]

The Deputy Commissioner awarded compensation under this section, and, as we have seen, it is from the dismissal of the petition to enjoin this order that this appeal arises. The main question we have to decide is the proper construction of Section 14(m) of the Act. That section reads:

"The total compensation payable under this Act [chapter] for injury *or* death shall in no event exceed the sum of $7,500." (Italics supplied.)

Appellants argue that the total payment of compensation required under the Act for an injury which subsequently results in death is $7,500. Or stated otherwise, that the employer's aggregate liability, whether to the employee or his dependent family or both, for injury *and* death, is limited by 14(m) to that sum.

Appellees, on the contrary, argue that Section 14(m) provides separate limitations, one of $7,500 for injury, and in a proper case, one of $7,500 for death; that when death follows as the result of the injury, Section 9 creates a new cause of action in the widow and children, which is in no way affected by the fact that the employee himself received disability compensation until his death, and that this is so, even though the employer or his insurer may ultimately have to pay a total amount in excess of $7,500.

This precise question has been decided against appellants' contention in the Second Circuit, International Mercantile Marine Co. v. Lowe, 2 Cir., 93 F.2d 663, 115 A.L.R. 896, certiorari denied 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532, and in the Third Circuit, Norton v. Travelers Insurance Co., 3 Cir., 105 F.2d 122. Both cases held, in substance, that the literal interpretation of the language of Section 14(m) required a holding that dependents of an employee whose injury results in death are entitled to death benefits under Section 9, regardless of the compensation paid to him for disability until death; that a fair interpretation of the Act as a whole demonstrated that Congress had established two separate rights—the one (Sec. 8) compensation for injury payable to the injured employee, and the other (Sec. 9) death benefits payable to his widow and children; and that consequently a partial discharge of one has no effect on the other.

■ If these decisions correctly interpret the statute, as we think is true, we may properly affirm this branch of the case on their authority. This we do, especially as the holding is in harmony with the principle expressed by us in Cardillo v. Liberty Mutual Co., 69 App.D.C. 330, 101 F.2d 254, where we said that medical and similar

[1] Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 33 U.S.C.A. § 901 et seq., made applicable to employees in certain employments in the District of Columbia by Act of May 17, 1928. 45 Stat. 600, Chap. 612, Secs. 1, 2, D.C.Code, 1940, Title 36, Secs. 501, 502, 33 U.S.C.A. § 901 note.

[2] Sec. 33(a). "If on account of a disability or death for which compensation is payable under this Act [chapter] the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

[3] Sec. 9(b). "If there be a surviving wife * * * to such wife * * * 35 per centum of the average wages of the deceased, during widowhood, or dependent widowerhood, with two years' compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased * * * the additional amount of 10 per centum of such wages for each such child * * *."

benefits under Section 7 are not to be counted in applying the $7,500 limit of total compensation in Section 14(m).

■ A second question remains. Since in this case the injury to the employee was caused by the negligence of a third party, and since the employee elected to receive compensation, his common law right to recover damages for his injury against the third party passed by assignment under the Act to the employer, who instituted the action and recovered against the actual wrongdoer damages considerably in excess of $7,500. At the time of the employee's death several years later, the amount of the recovery in excess of the sum necessary to reimburse the employer for the expenses incurred by him, plus the amounts paid, or payable, by him as compensation, plus $5,000 which had been paid to the employee in a lump sum, was approximately $4,000. This amount, together with the lump sum payment, which was over and above statutory compensation, appellants insist should be computed and deducted from the benefits payable to the widow and children. But we think a short answer to this is that the money now, or formerly, in the hands of the employer or his insurer, in excess of the deductions allowable under the Act, belonged absolutely to the employee in his lifetime, and which, if withheld by the employer or insurer is, at his death, required to be paid to his personal representative. This conclusion is implicit in the language, the purpose, and the policy of the statute. The fact that the insurer retained in its possession, as a sort of unofficial guardian, a part of the recovery to which the employee was entitled certainly gives it no right, on the death of the latter, to apply this money, which under the statute was payable to him personally during his lifetime, to the compensation claims of his widow and children. The latter's claims are, as we have seen, separate and distinct and are not affected by the statutory obligations of the employer to the employee. The money of the employee remaining at his death undistributed by the insurer passed by operation of local law to his representative.

Affirmed.