**PENN JERSEY WELDING CO. et al. v. LOWE, Deputy Commissioner et al.**

No. 10148.

United States Court of Appeals Third Circuit.

Argued May 23, 1940.

Decided July 27, 1950.

Frederick H. Spotts, Philadelphia, Pa., (Augustus S. Ballard, Harold Scott Baile, Philadelphia, Pa., and Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., on the brief), for appellant.

Milton M. Borowsky, Philadelphia, Pa., (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee Greenberg.

Herbert P. Miller, Washington, D. C., (Gerald A. Gleeson, U. S. Atty., James P. McCormick, Ass't U. S. Atty., Philadelphia, Pa., Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, Washington, D. C., on the brief), for Lowe.

Before MARIS, WOODBURY, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This appeal presents the single question whether death benefits payable to a workman's widow under Section 9 of the Longshoremen's and Harbor Workers' Compensation Act[1] should be measured by the provisions of that section in effect at the time the workman was injured or by the more liberal provisions of the section as amended after his injury but before his death.[2] The award as administratively determined and ordered gave the widow the benefit of the amendment. This suit challenges that action.

In amending the statute, Congress adverted to and expressly covered the matter of the effective date of the amendment, stipulating that the provisions of the amendatory Act "shall be applicable only to injuries or deaths occurring on or after the effective date hereof."[3] This case is one of "death occurring after the effective date" of the Act. Therefore, the statute itself with its alternative statement "injuries or deaths" appears on its face to entitle the widow to the benefits of the amendment.

To avoid this consequence, appellants are forced to argue that "death occurring after the effective date" means "death resulting from injuries which occurred after

the effective date". Such a construction, if intended by Congress, could have been indicated quite simply, by merely omitting the phrase "or deaths" altogether. But we can find no reason for implying that Congress meant either more or less than it said. The language as it stands is not ambiguous. Indeed, it is difficult to see how Congress could have more clearly expressed the meaning which so far has prevailed in this case. The gloss proposed by appellants would change that meaning. Therefore, we can not accept it.

We are the more certain of the correctness of our conclusion because of its consistency with the plan of the Longshoremen's and Harbor Workers' Compensation Act and the construction given it in other connections.

Sections 8 and 9 of the Act provide two distinct categories of compensation. Section 8 is entitled "Compensation for disability" and provides compensation for a disabled employee during his lifetime with continuing benefits to his survivors in some circumstances. This section deals with the interests of the workman himself and measures any rights of survivors accordingly.

Section 9, however, entitled "Compensation for death", deals exclusively and sepa-

---

1. 44 Stat. 1424 (1927), as amended 62 Stat. 602, 33 U.S.C.A. §§ 901–950.

2. The amendatory Act increased maximum funeral expenses allowable from $200 to $400; increased benefits for children of deceased workmen from 10% to 15% of the average wage of deceased; and increased the benefits of orphaned children from 15% to 35% of the average wage of deceased. In addition, it provided that in computing death benefits, the average weekly wage of the deceased be considered to have been not more than $52.50 nor less than $18, while the original Act provided that the average weekly wage of the deceased be considered to have been not more than $37.50 nor less than $12. See 62 Stat. 602–603 (1948), 33 U.S.C.A. § 909(a), (b), (c), and (e).

The original Act also provided that the

total compensation payable for injury or death should not exceed the sum of $7,500, 44 Stat. 1434 (1927), 33 U.S.C.A. § 914(m), while the amendatory Act provides that the maximum limitation for disability is $11,000 and provides that such limitation shall not apply in case of death. 62 Stat. 603 (1948), 33 U.S.C.A. § 914(m).

Under the original Act, in force at the time of injury, this plaintiff was entitled to reasonable funeral expenses not exceeding $200 and to $13.12 per week during widowhood, the total not to exceed $7,500. Under the amended Act, plaintiff was entitled to receive reasonable funeral expenses not exceeding $400 and compensation at the rate of $18.38 per week during widowhood without maximum limitation.

3. 62 Stat. 604 (1948), § 6, 33 U.S.C.A. § 906 note.

rately with equitable provision for dependents of a deceased workman according to a scheme geared to their interests and reasonable claims. The rights of the workman himself under Section 8 are no measure of the rights of dependents to death benefits under Section 9. Thus, in the measurement of benefits as well as in the formal organization of the statute, Congress has dealt with the workman's rights consequent upon his injury and his dependents' rights consequent upon his death as distinct.

Courts also have recognized this distinction in interpreting the provisions of Section 14(m) that "The total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7,500." It has been held consistently that compensation for injury under Section 8 does not prevent the full amount of $7,500 from being paid in death benefits under Section 9.[4]

It follows that our decision is in accord with the plan of the statute and the decisions which emphasize and depend upon that plan.

We have also examined the judicial disposition of similar problems which have arisen as a result of amendments of state Workmen's Compensation Acts. Some courts have found it possible to award increased death benefits under amendments postdating injury without benefit of or reliance upon such provision concerning effective date as is incorporated in the amendment now before us.[5] A fortiori, we reach the same result here where legislative intent is clearly indicated in the statute itself.

The judgment will be affirmed.

4. Hitt v. Cardillo, 1942, 76 U.S.App.D.C. 334, 131 F.2d 233; Norton v. Travelers Ins. Co., 3 Cir. 1939, 105 F.2d 122; International Mercantile Marine Co. v. Lowe, 2 Cir., 1938, 93 F.2d 663, 115 A. L.R. 896.

5. Mason v. Michigan Trading Corp., 1944, 308 Mich. 702, 14 N.W.2d 545; Kunst v. General Bronze Corp., 1942, 289 N.Y. 661, 45 N.E.2d 168; State ex rel. Carlson

v. District Court of Hennepin Co., 1915, 131 Minn. 96, 154 N.W. 661. Where a contrary construction has prevailed, reliance has been upon the "elective" character of the statute. In re Beausoleil's Case, 1947, 321 Mass. 344, 73 N.E.2d 461; Gauthier v. Penobscot Chemical Fiber Co., 1921, 120 Me. 73, 113 A. 28. The Longshoremen's and Harbor Workers' Compensation Act is not of elective type.