**TRAVELERS INS. CO. v. TONER et al.**

No. 10857.

United States Court of Appeals, District of Columbia Circuit.

Argued March 27, 1951.

Decided May 24, 1951.

Arthur J. Phelan, Washington, D. C., with whom Frank F. Roberson, Washington, D. C., was on the brief, for appellant.

Ward E. Boote, Asst. Solicitor, Department of Labor, Employees' Compensation Division, Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee Toner.

Renah F. Camalier and Henry R. Berger, Washington, D. C., were on the brief for appellee Fredericks.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

The act of June 24, 1948,[1] amended the Longshoremen's and Harbor Workers'

---

9. See cases collected in 168 A.L.R. 127 (1947).

1. Public Law 757, 80th Cong., 2d Sess., 62 Stat. 602, 33 U.S.C.A. §§ 906, 909.

Compensation Act [2] by increasing the benefits payable thereunder, stipulating that the provisions of the amendatory act "shall be applicable only to injuries or deaths occurring on or after the effective date hereof."[3] The sole question on this appeal is whether the increased death benefits so provided are payable in a case where an injury was sustained before the effective date of the amendatory act, but the death of the employee (resulting from the injury) occurred after that date.

The precise question has been answered in the affirmative by several Federal courts. Penn Jersey Welding Co. v. Lowe, 3 Cir., 1950, 183 F.2d 936; Hampton Roads Stevedoring Corp. v. O'Hearne, Deputy Commissioner, 4 Cir., 1950, 184 F.2d 76;

Brown-Pacific Maxon Co. v. Cardillo, S.D. N.Y. 1950, 91 F.Supp. 968.[4] Apparently no court has held to the contrary. Appellant contends that the mentioned cases were incorrectly decided, relying on passages in the legislative history of the amendatory act.[5] Cases in various state courts are also cited, involving somewhat similar questions under state legislation.[6] After considering the contentions of the appellant, and the materials on which they are based, we are satisfied that the cited decisions of the Third and Fourth Circuits and of the District Court for the Southern District of New York are correct and should be followed. Accordingly, the judgment appealed from will be

Affirmed.

2. Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

3. Section 6, Act of June 24, 1948, supra, note 1, 33 U.S.C.A. § 906 note.

4. While the case here on appeal arises under the District of Columbia Workmen's Compensation Act, that Act is the Longshoremen's and Harbor Workers' Compensation Act, supra, made applicable to workers in the District of Columbia by the act of May 17, 1928, 45 Stat. 600, D.C.Code, § 36–501.

5. Hearings before a Subcommittee of the Senate Committee on Labor and Public Welfare on S. 2237 and Related Bills, 80th Cong., 2d Sess., April, 1948, p. 56; H.R.Rep.No.2095, 80th Cong., 2d Sess., June 1, 1948, p. 9. We regard this material as indicating the desire of Congress to avoid retroactive application of the amendatory act, as well as to avoid administrative difficulties and constitutional questions. But such matters are not directly involved in the instant proceeding, and we do not find anything in the legislative history which requires us to give a strained construction to what we regard as the clear language of section 6 of the amendatory act.

6. Among the cases cited are: In re Beausoleil's Case, 1947, 321 Mass. 344, 73 N. E.2d 461; Hardin v. Workmen's Compensation Appeal Board, 1937, 118 W. Va. 198, 189 S.E. 670; Cote v. Bachelder-Worcester Co., 1932, 85 N.H. 444, 160 A. 101, 82 A.L.R. 1239; Stanswsky v. Industrial Comm., 1931, 344 Ill. 436, 176 N.E. 898; Thorpe v. Department of Labor, 1927, 145 Wash. 498, 261 P. 85; Quilty v. Connecticut Co., 1921, 96 Conn. 124, 113 A. 149. We do not, however, regard cases arising under state statutes providing for contractual liability of employers as being controlling in respect of legislation of the type here involved, which is compulsory. See U.S. Casualty Co. v. Hoage, Deputy Commissioner, 64 App.D.C. 284, 77 F.2d 542.