SIEMS DRAKE PUGET SOUND et al.
v. O'LEARY.

No. 2524.

United States District Court,
W. D. Washington, N. D.

June 7, 1951.

Bogle, Bogle & Gates, Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., Seattle, Wash., for defendant.

LEMMON, District Judge.

█ Defendant moves to dismiss plaintiff's petition for injunction. For the purpose of the motion the allegations in the petition are deemed admitted. Plaintiff Siems Drake Puget Sound, a partnership, was engaged in military and naval construction work in Alaska under contracts with the United States of America and was an employer within the provisions of the Defense Bases Act, Public Law No. 208, Act of August 16, 1941, 77th Congress, 42 U.S.C.A. §§ 1651 and 1654, inclusive, as amended by Title III of the Act of December 2, 1942 by Public Law No. 784, 77th Congress. Plaintiff, United Pacific Insurance Co., was the insurance carrier for Siems in accordance with the Defense Bases Act. On November 7, 1942, Richard Marshall, an employee of Siems, sustained an injury. The Defendant, Deputy Commissioner of the Fourteenth Compensation District, issued an order allowing Marshall's claim for compensation under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., by which United, as such insurance carrier, paid compensation to Marshall. Marshall died on February 22, 1950, as a result of the injuries. Up to the time of his death he had received from United under the award the aggregate amount of $7,232.14. Marshall left surviving him a widow and two minor children and on March 23, 1950 defendant allowed a claim to the widow in the amount of $18.38 per week and to each of the two children in the amount of $7.88 per week and to the widow the further amount of $400 for funeral expenses.

The dispute concerns the award of March 23, 1950. There is presented the problem as to whether the compensation schedules of the Longshoremen's and Harbor Workers' Act in effect at the time of the injury or those in effect at the time of the death apply, the death occurring after the amendment of that act but resulting from injuries sustained prior thereto.

The Defense Bases Act as originally adopted stated in the first section thereof that "the provisions of the 'Longshoremen's and Harbor Workers' Compensation Act', approved March 4, 1927, 44 Stat. 1424, *as amended, and as the same may be amended hereafter,* shall apply in respect to the * * * death of any employee * * *" (emphasis supplied). This first section of the Act was amended by Title III, Public Law 784, effective December 2, 1942, by omitting the words "and as the same may be amended hereafter". Defendant contends that there is evinced thereby no intention to change the meaning of the original enactment which provided that all amendments to the Longshoremen's Act should apply as well under the Defense Bases Act and that the omission of the last quoted words was for conciseness and simplicity of language. Plaintiffs reply that the change in wording indicates legislative intent to "freeze" compensation rates to those prevailing under the existing provisions of the Longshoremen's Act at the time of its passage.

█ Looking to the intent of Congress, which must be the basis of resolution of any uncertainty in the statute, we find in Report No. 1315, accompanying Senate Bill 237, which as passed amended the Longshoremen's Act, the following, "If the amendments proposed for the Longshoremen's Act should be enacted, it will not be necessary to make any changes to accomplish similar revisions of the workmen's compensation laws for the District of Columbia and for employees of Government contractors working outside the continental United States. Any changes enacted in respect to the Longshoremen's Act automatically bring employees in the District of Columbia and employees of Government contractors working outside the continental United States under such law by reason of the extension of the Longshoremen's Act as the basic workmen's compensation law for such District and contractors' employees." It appears, therefore, Congress had in mind that the provisions of the Defense Bases Act, the only Act relating to workmen's compensation for employees of government contractors working outside the continental United States, was auto-

matically effected by the changes in the Longshoremen's Act so that the employees coming under the Defense Bases Act would have the benefit of any changes enacted in respect to the Longshoremen's Act.

Plaintiffs take the position that the statute in force at the time of injury controls in the operation of compensation laws and that the subsequent death of an employee from an injury does not create new rights of action in his dependents but that his right merely survives for their benefit; that an employee non-fatally injured on June 23, 1948 would not have the increased payments under the amendment to the Defense Bases Act of June 24, 1948 and Marshall's dependents should by parity of reason not be entitled to more money after his death than he was or would be entitled to while disabled; that a retroactive application would be chaotic in the insurance field since insurance rates are established under existing statutes, and the fact that the injuries had already occurred would preclude adjustments in insurance coverage as to exposure for such injury if the injury caused lingering disability and finally death. Defendant replies that, where an injury to an employee for which he is paid benefits and which injury results in his later death, a new cause of action in favor of the dependents arises at the date of the death; that there are two separate rights, the one accruing to the injured employee for compensation and the other death benefits accruing to his dependents and the latter right is not affected by the fact that the injured employee received compensation until his death; that this is so though the employer or his insurer may ultimately be required to pay more than would have been paid to the employee within the limits of the disability compensation accruing to him had he lived. The Ninth Circuit in Turnbull v. Cyr, 188 F.2d 455, held that if the wording of the basic statute is ambiguous by virtue of the language of the adopting enactment, the administration construction would be of great weight. In that case the administrative holding that a child born after the inception of the disease which culminated in the employee's death was held entitled to

share in the death benefits was sustained. In the cases of Hitt v. Cardillo, 76 U.S.App. D.C. 334, 131 F.2d 233; International Mercantile Marine Co. v. Lowe, 2 Cir., 93 F.2d 663, 115 A.L.R. 896, and Norton v. Travelers Ins. Co., 3 Cir., 105 F.2d 122, the rule is announced and followed that the Longshoremen's Act provides separate limitations, one for injury and the other for death and that where a death follows as a result of the injury Section 9 of the Act created separate benefits in the widow and children which is in no way affected by the fact that the employee received disability compensation until his death, and that this results though the employer or his insurer may ultimately have to pay a total in excess of the amount which would have been paid to the employee had he survived long enough to receive the full maximum of the benefits which he would thereby have been entitled to. This conclusion has the weight of authority. See Hampton Roads Stevedoring Corp. v. O'Hearne, 4 Cir., 184 F.2d 76.

█ In a recent case, decided May 24, 1951 by the Court of Appeals for the District of Columbia, Travelers Ins. Co. v Toner, 190 F.2d 30, it was held in a per curiam opinion that the increased benefits of the Longshoremen's and Harbor Workers' Compensation Act apply where the injury was sustained before the effective date of the amendatory act, but the death of the employee occurred after that date. Penn Jersey Welding Co. v. Lowe, 3 Cir., 183 F.2d 936, 937, Hampton Roads Stevedoring Corp. v. O'Hearne, supra, and Brown-Pacific Maxon Co. v. Cardillo, D.C., 91 F.Supp. 968, are cited as announcing the same rule. In the Penn Jersey case the amendment is held to be unambiguous and that its wording "death occuring after the effective date" can not be construed as restricting the meaning to death resulting from injuries occurring after the effective date. I am persuaded that the rule thus announced should be followed.

I conclude that the Defendant correctly allowed the benefits provided by the statute in effect at the time of Marshall's death.

The motion to dismiss is granted.