**STATE INSURANCE FUND and Guardino & Sons, Petitioners,**

v.

**Catherine PESCE and Director, Office of Workers' Compensation Programs, Respondent.**

**No. 401, Docket 76–4165.**

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1976.

Decided Feb. 3, 1977.

**1113**

sel), for Director, Office of Workers' Compensation Programs.

Before MOORE, ANDERSON and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

An employer, Guardino & Sons, and its insurance carrier, State Insurance Fund, petition for review of a unanimous decision of the Benefits Review Board, United States Department of Labor ("Board"), reported in 4 BRBS 36 (1976). The Board affirmed a decision and order of an administrative law judge who held that a death benefit provided by a 1972 amendment to § 9 of the Longshoremen's and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 901 *et seq.*, applies to deaths occurring after the amendment even though the compensable injury involved was sustained prior to the amendment's enactment. We deny the petition to review the Board's decision.

The case was heard by the administrative law judge on a brief statement of stipulated facts. On July 20, 1961 Matteo Pesce, an employee covered by the Act, severely injured his back while in the course of his employment by Guardino & Sons. He never returned to gainful employment, and on February 2, 1972 was duly awarded a compensation order, to be borne by his employer, for permanent and total disability. Payments were timely made until October 14, 1973, when Mr. Pesce died of causes which all parties agree were not related to his injury.

Catherine Pesce, who is indisputably the decedent's widow, 33 U.S.C. § 902(16) (Supp. V 1975), filed a claim for death benefits predicated on § 9 of the Act as amended, 33 U.S.C. § 909 (Supp. V 1975). A claims examiner agreed with her claim and on December 6, 1973 directed payments to her of approximately $70 per week. The petitioners sought review of the order pursuant to § 919 (1970) *as amended* (Supp. V 1975). On October 21, 1975 an administrative law judge upheld the compensation order, as did the Benefits Review Board on May 28, 1976. Here, pursuant to the terms of 33 U.S.C. § 921(c) (Supp. V 1975), peti-

Joseph F. Manes, New York City (Peter M. Pryor, Gen. Atty., State Ins. Fund, New York City, on the brief), for petitioners.

Linda L. Carroll, Atty., U. S. Dept. of Labor, Washington, D. C. (William J. Kilberg, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D. C., of coun-

tioners once again seek reversal of the order.

The issue in this case concerns the scope of coverage of amended § 9 of the Act. Prior to 1972, death benefits under § 9 were provided only where a permanently and totally disabled employee had died from causes related to his disability. 33 U.S.C. § 909 (1970). In 1972, however, as part of the Longshoremen's and Harbor Workers' Compensation Act Amendments,[1] Congress amended § 9 to provide death benefit coverage even for those disabled employees who die from causes wholly unrelated to their injury.[2] Applying this legislative change to the facts of this case, it is apparent that at the time of Pesce's injury, the statute did not provide death benefits when the employee died of causes unrelated to his injury; at the time of his death, it did. The question before us is whether the 1972 amendment to § 9 properly provides death benefits to the survivors of those employees who, like Pesce, were disabled before 1972, but died of unrelated causes only thereafter.

Petitioners reason that the 1972 amendment to § 9 created a "new" right to benefits for the survivors of those totally-disabled employees who die of causes unrelated to their injury; that application of the amendment to cases where the compensable injury occurred prior to 1972 is therefore a "retrospective" application of the amendment; that such "retrospective" application in the absence of a clear legislative intent converts a workers compensation plan into a life insurance and annuity system never envisioned by employers and insurance carriers; and that the resulting impairment of "vested rights" amounts to an unconstitutional infringement.

■ However, it has long been held in cases arising under the Act that the right to death benefits under § 9 is separate and

distinct from any right to disability benefits, and that this separate right does not come into being until the event of death. *International Mercantile Marine Co. v. Lowe,* 93 F.2d 663 (2d Cir.), *cert. denied,* 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532 (1938); *Hitt v. Cardillo,* 76 U.S.App.D.C. 334, 131 F.2d 233 (1942), *cert. denied,* 318 U.S. 770, 63 S.Ct. 760, 87 L.Ed. 1140 (1943). In *Hampton Roads Stevedoring Corp. v. O'Hearne,* 184 F.2d 76 (4th Cir. 1950), the court expressly recognized that the right to death benefits is a distinct right governed by the law in effect when death occurs. The court upheld application of a 1948 amendment to § 9 which increased benefits allowed and which, as in this case, became effective after the compensable injury but before the employee's death. Because the death which gave rise to application of the amendment occurred after the amendment's effective date, the court reasoned that the amendment was being applied only prospectively, not retrospectively. *Accord, Brown-Pacific Maxon Co. v. Cardillo,* 91 F.Supp. 968 (S.D.N.Y., 1950); *Travelers Ins. Co. v. Toner,* 89 U.S.App.D.C. 77, 190 F.2d 30, *cert. denied,* 342 U.S. 826, 72 S.Ct. 48, 96 L.Ed. 624 (1951). Petitioners have cited no case holding to the contrary.

Nonetheless, petitioners argue that these prior holdings cannot justify application of amended § 9 to Mr. Pesce because they involved statutory changes which did no more than increase the dollar amounts of death benefits already provided. Similar application of the 1972 amendment, they assert, is constitutionally defective because the 1972 change actually altered the conditions for entitlement to death benefits by eliminating the requirement that the death be related to the injury.

■ This type of sweeping constitutional challenge to this amendment was recently considered and rejected by the Fourth Circuit in a case factually similar to

---

1. Act of October 27, 1972, Pub.L. No. 92–576, 86 Stat. 1251, 1253.

2. The statute, as amended, 33 U.S.C. § 909 (Supp. V 1975), reads as follows, with the words of the 1972 amendment emphasized:

"If the injury causes death, *or if the employee who sustains permanent total disability due to the injury thereafter dies from causes other than the injury,* the compensation shall be known as a death benefit and shall be payable . . . ."

the one now before us. In *Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs*, 539 F.2d 378 (4th Cir. 1976), the court upheld application of § 9 as amended to the post-1972 death of an employee disabled in 1965. In a well-reasoned opinion which amply refutes all of the constitutional challenges here raised, the court stated:

"Death benefits were included in the Act before the 1972 amendment, so that it did not introduce a novel or radical concept. This court has unequivocally insisted that they may constitutionally be increased after the injury and before death. *Hampton Roads Stevedoring Corp. v. O'Hearne* . . . 184 F.2d 76, 78 (4th Cir. 1950). That is precisely the immediate situation; the 1972 amendment enlarged benefits in that interval.

Furthermore, contrary to appellants' advocacy, there was no constitutional inhibition on Congress to expand the causal clause of the original Act. This is true notwithstanding [that] the employer and the insurer may have believed they had contractual rights in the limitation of benefits called for by the Act when, prior to 1972, they assumed these obligations. The amendment cannot be voided on the ground that it constituted an impairment of contracts, for the constitutional bar to such impairment is directed only to the States. Article I, Section 10.

Nor is the amendment an ordaining by Congress of a responsibility without due process. In *Fleming v. Rhodes*, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368 (1947), the Court met this contention head-on:

'Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts'."

539 F.2d at 380–81. *See also American Stevedores, Inc. v. Salzano*, 538 F.2d 933, 937 (2d Cir. 1976).

We find no flaw in the decision of the Benefits Review Board, and thus deny the petition.