577 F.2d 852
 NACIREMA OPERATING COMPANY and the Travelers Insurance
Company, Petitioners,
v.
Dorothy LYNN and the Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 77-2195.
 United States Court of Appeals,
Third Circuit.
 Argued May 2, 1978.
Decided June 5, 1978.
As Amended June 27, 1978.
 
 T. E. Byrne, Krusen, Evans and Byrne, Philadelphia, Pa., for petitioners.
 
 
 1
 Carin A. Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Linda L. Carroll, U. S. Dept. of Labor, Washington, D. C., for respondent, Director, Office of Workers' Compensation.
 
 
 2
 Joseph Weiner, Freedman & Lorry, Philadelphia, Pa., for respondent, Dorothy Lynn.
 
 
 3
 Before HUNTER and WEIS, Circuit Judges, and COHEN, District Judge.*
 
 OPINION
 
 4
 PER CURIAM.
 
 
 5
 Nacirema Operating Co. and its insurance carrier, Travelers Insurance Co., petition for review of a decision of the Benefits Review Board, United States Department of Labor, BRB No. 77-225, 6 BRBS 314 (1977). The claim involved in the decision arose from the death of William Lynn. Mr. Lynn was permanently and totally disabled by a 1957 injury related to his employment as a longshoreman. Nacirema was required to pay disability compensation until his death in December of 1975. The cause of the death was unrelated to his injury. Mr. Lynn's wife filed a claim for widow's death benefits under section 9 of the Longshoremen's and Harbor Workers' Compensation Act, as amended in 1972, 33 U.S.C. § 909 (Supp. V 1975). The administrative law judge concluded that the law in effect at the time of the longshoreman's death governed the claim and issued a compensation order awarding death benefits under the amended Act. The Benefits Review Board affirmed the award. We have jurisdiction over this petition under section 21(c) of the Act, 33 U.S.C. § 921(c) (Supp. V 1975).[1]
 
 
 6
 Between the time of Mr. Lynn's injury and his death, Congress altered the conditions under which death benefits would be awarded under the Act by adding to section 9 the language which we have emphasized:
 
 
 7
 If the injury causes death, or if the employee who sustains permanent total disability due to the injury thereafter dies from causes other than the injury, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the person following: . . .
 
 
 8
 33 U.S.C. § 909 (Supp. V 1975) (incorporating 1972 amendment, Pub.L.No. 92-576, § 5(d), 86 Stat. 1253). Since Mr. Lynn's death occurred from causes unrelated to his longshoring injury, death benefits would be payable only because of the amendment.
 
 
 9
 The petitioners argue that the 1972 Amendment to section 9 was not intended to apply to longshoremen who had previously ceased work because of work-related injury. They also contend that, if applied to the facts of this case, the amendment is unconstitutional on the grounds that it is impermissibly retroactive legislation and lacks the required nexus to maritime commerce.
 
 
 10
 These same contentions were rejected by the Court of Appeals for the Fourth Circuit in Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs, 539 F.2d 378 (4th Cir. 1976), cert. denied, 429 U.S. 1078, 97 S.Ct. 823, 50 L.Ed.2d 798 (1977). Finding that the amendment applied to longshoremen who were injured prior to 1972 and who died of causes unrelated to the injury after that year, the court held that whatever retroactive effect death benefits might have was constitutionally permissible. The court also ruled that the amendment's goal of assuring indemnification of survivors of injured maritime workers was clearly within congressional powers, see Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). Whether understood as an increase in the benefits due the injured worker or as an expansion of the "casual clause" of the original act, the amendment withstood constitutional scrutiny.
 
 
 11
 The Norfolk case was followed by the Court of Appeals of the Second Circuit in State Insurance Fund v. Pesce, 548 F.2d 1112 (2d Cir. 1977). The court first indicated doubt whether the amendment, as applied to a pre-existing injury, was in any way retroactive. Death benefits were said to be separate and distinct from the right to disability benefits. The right to death benefits does not vest until the time of death. International Mercantile Marine Co. v. Lowe, 93 F.2d 663 (2d Cir.), cert. denied, 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532 (1938), followed in Norton v. Travelers Insurance Co., 105 F.2d 122 (3d Cir. 1939). To the extent that the amendment was argued to be retroactive in altering the conditions for entitlement to death benefits, the court extensively quoted from and adopted the analysis of the Fourth Circuit and held the amendment to be constitutional.
 
 
 12
 We are in accord with the decisions and rationale of the Second and Fourth Circuits. We hold that the amendment expanding the availability of section 9 death benefits, contained in section 5(d) of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub.L.No. 92-576, 86 Stat. 1253, applies to the claim involved in this case. Cf. C & P Telephone Co. v. Director, Office of Workers Compensation Programs, 184 U.S.App.D.C. 18, 564 F.2d 503, 510 (1977) (applying 1972 amendments to 33 U.S.C. § 908(f) to claim for pre-1972 injury); Cooper Stevedoring of Louisiana, Inc. v. Washington, 556 F.2d 268, 271-77 (5th Cir. 1977) (same, amendments to 33 U.S.C. § 913(a)); Penn Jersey Welding Co. v. Lowe, 183 F.2d 936 (3d Cir. 1940) (applying 1948 amendments to section 9 death benefits, Act of June 24, 1948, ch. 623, 62 Stat. 602, to claim premised on prior injury). Section 5(d) of the Amendments does not purport to apply only to longshoremen who were injured after the effective date of new provisions, in contrast to section 20, for example, which contains an explicit limitation. Our review of the legislative history does not show that the conditions for death benefits were restricted in the manner suggested by petitioners.
 
 
 13
 The employer and insurance carrier rely largely on Railroad Retirement Board v. Alton Railroad Co., 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468 (1935), in support of their contention that the amendment to section 9 of the Act is unconstitutionally retroactive. Like the Second Circuit, we doubt whether the legislation before us is retroactive. Even assuming retroactive effect, we believe that the amendment does not violate due process under the analysis of Alton as explained by the Supreme Court in Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 14-20, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). We find that the amendment is reasonably related to the permissible goal of indemnifying survivors of injured maritime workers. This conclusion also supports our finding that Congress had the authority to provide the benefits under its maritime power. See generally Crowell v. Benson, supra; Dravo Corp. v. Maxin, 545 F.2d 374, 377-79 (3d Cir. 1976), cert. denied, 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977).
 
 
 14
 The petition for review will be denied, and the order of the Benefits Review Board will be affirmed.
 
 
 
 *
 Honorable Mitchell H. Cohen, Senior United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 Although the decision of the Benefits Review Board in part reversed and remanded the case for reconsideration of the award of attorney's fees, this remaining issue was settled and an appropriate order entered by the administrative law judge. Under these circumstances, the order of the Board is final, as required by 33 U.S.C. § 921(c) (Supp. V 1975). Sea-Land Service, Inc. v. Director, Office of Workers' Compensation Programs, 540 F.2d 629, 631 n. 1 (3d Cir. 1976)