596 F.2d 899
 TODD SHIPYARDS CORPORATION and The Travelers Insurance
Company, Petitioners,
v.
Edith WITTHUHN and William G. Witthuhn, and Director, Office
of Workers' Compensation Programs, United States
Department of Labor, Respondents.
TODD SHIPYARDS CORPORATION and The Travelers Insurance
Company, Petitioners,
v.
Julia V. FOLEY (widow of Clarence Foley), Respondent.
 Nos. 76-1067, 76-3759.
 United States Court of Appeals,
Ninth Circuit.
 May 14, 1979.
 
 Robert Madden, San Francisco, Cal., for petitioners.
 
 
 1
 Edward Kay, San Francisco, Cal., for respondent, Foley.
 
 
 2
 Joshua T. Gillelan, II, for respondent, Director, Office of Workers' Compensation Program.
 
 
 3
 Petitions to Review Decisions of the Benefits Review Board.
 
 
 4
 Before DUNIWAY and SNEED, Circuit Judges, and SPENCER WILLIAMS,* District Judge.
 
 DUNIWAY, Circuit Judge:
 
 5
 In each of these cases, Todd Shipyards Corporation ("Todd") and its compensation insurance carrier, the Travelers Insurance Company ("Travelers"), petition for a review of a final order of the Benefits Review Board of the United States Department of Labor awarding a death benefit to the survivor or survivors of a harbor worker who died after sustaining permanently and totally disabling injuries while working for Todd. The Board made the awards under Section 9 of the Longshoremen's and Harbor Workers' Compensation Act, as amended ("the Act"), 33 U.S.C. § 909. Todd and Travelers dispute the applicability of amended § 909, and, assuming its applicability, they challenge its constitutionality. We have jurisdiction under Section 21(c) of the Act, 33 U.S.C. § 921(c).
 
 
 6
 I. Background.
 
 Amended Section 9 of the Act provides:
 
 7
 If the injury causes death, Or if the employee who sustains permanent total disability due to the injury thereafter dies from causes other than the injury, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following . . ..
 
 
 8
 33 U.S.C. § 909 (emphasis added).
 
 
 9
 The italicized language was added by Section 5(d) of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub.L. 92-576, 86 Stat. 1251, 1253-1254. Those Amendments took effect on November 26, 1972. See § 22 of the Amendments, 86 Stat. at 1265.
 
 
 10
 In No. 76-1067, the Board upheld claims filed by the surviving widow and minor son of Harold P. Witthuhn, who died on August 11, 1973, eight and one-half months after amended § 909 took effect. On May 31, 1968, he sustained permanently and totally disabling injuries while working as a pipefitter at Todd's Seattle shipyard. He died from causes other than the injury itself.
 
 
 11
 In No. 76-3759, the Board upheld claims filed by the surviving widow of Clarence Foley, who died on December 17, 1973, over a year after amended § 909 took effect. On October 15, 1966, he sustained permanently and totally disabling injuries while working as a marine machinist at Todd. He died from causes other than the injury itself.
 
 
 12
 II. Amended Section 909 Applies.
 
 
 13
 Nothing in the 1972 Amendments states that the death benefit in cases of permanent total disability provided by the amendment to Section 909 shall not be applicable when the disabling injury occurred before the effective date of the amendment but the death occurred after that date. Nothing in the legislative history suggests that Congress intended that the amended section should not apply in such a case.
 
 
 14
 A representative of the maritime industry did urge both houses to adopt a generalized amendment which would have had that effect. See Hearings before the Sub-Committee on Labor of the Committee on Labor and Public Welfare, U. S. Senate, 92d Cong., 2d Sess. on S.2318, S.525 and S.1547 at 314, 360 (1972); Hearings before the Select Subcomm. on Labor of the Comm. on Education and Labor, House of Representatives, 92d Cong., 2d Sess. on H.R.247, H.R.3505, H.R.12006, and H.R.15023 at 115, 131-32 (1972). (Testimony of Edward D. Vickery.) Congress, however, did not do so. Instead, it simply provided that "The amendments . . . shall become effective thirty days after the date of enactment of this Act." Pub.L. 92-572, § 22, 86 Stat. at 1265.
 
 
 15
 Where Congress meant to restrict the applicability of a particular provision of the 1972 Amendments, as in the case of its elimination of the longshoremen's unseaworthiness remedy and of shipowner indemnity actions, it expressed its intentions through carefully constructed legislative history. See, e. g., 118 Cong.Rec. 36382 (Statement of Congressman Daniels); 118 Cong.Rec. 36384 (colloquy among Congressmen Burton, Quie and Eckhardt). Accord, Hanseatische Reederei Emil Offen & Company v. Marine Terminals Corporation, 9 Cir., 1979, 590 F.2d 778, 782, n.1.
 
 
 16
 In Dillingham Corporation v. Massey, 9 Cir., 1974, 505 F.2d 1126, 1129, we followed Overseas African Construction Corp. v. McMullen, 2 Cir., 1974, 500 F.2d 1291, 1297, relying upon an absence of restrictive legislative history to uphold an award of attorneys' fees pursuant to the 1972 amendment to 33 U.S.C. § 928(b), even though the case in question arose before the 1972 Amendments. So here, in the absence of restrictive legislative history pertaining to amended § 909, we hold the amended provision fully applicable to claims based upon death occurring on or after November 26, 1972. St. Louis Shipbuilding and Steel Company v. Casteel, 8 Cir., 1978, 583 F.2d 876, 877; Nacirema Operating Company v. Lynn, 3 Cir., 1978, 577 F.2d 852, 853-54; State Insurance Fund v. Pesce, 2 Cir., 1977, 548 F.2d 1112, 1114. See also Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 4 Cir., 1976, 539 F.2d 378, 380.
 
 
 17
 Petitioners also argue that our interpretation of the amending language so conflicts with the meaning of other provisions of the Act that were not amended as to render the application of amended § 909 "utterly impossible." Congress apparently did neglect to amend some of these provisions to reflect the broadened availability of death benefits under amended § 909. Nevertheless, "(d)espite the possible incongruities . . ., the intention of Congress . . . remains altogether clear and intelligible." Norfolk Lines, supra, 539 F.2d at 380. The Department of Labor and the appellate courts should have little difficulty in construing these technical provisions in light of amended § 909's overriding purpose. If there is a genuine conflict between amended § 909 and other, unnamed, provisions, § 909, as the later enactment, prevails.
 
 
 18
 III. Application of Amended Section 909 is Constitutional.
 
 
 19
 Petitioners bear the burden of overcoming the presumption of constitutionality which attaches to amended § 909 as a "legislative Act( ) adjusting the burdens and benefits of economic life." Usery v. Turner Elkhorn Mining Co., 1976, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752.
 
 
 20
 Petitioners say that amended § 909 denies them due process by retroactively trenching upon their vested rights. This argument rests on the premise that Petitioners' rights vis a vis the now deceased harbor workers' eventual survivors became fixed as of the date those harbor workers suffered their totally and permanently disabling injuries. We conclude, however, that amended § 909 does not retroactively affect vested rights. The deaths of Harold Witthuhn and Clarence Foley gave rise to new claims for relief not in existence during their lifetimes. When they died, after November 26, 1972, their survivors' rights to death benefits first vested, and at that time the Amendments had taken effect. It could not be known, until the deaths occurred, whether there would be any eligible survivor(s) or, if so, who those survivor(s) would be. Thus amended § 909 operates prospectively when applied to the cases before us. See St. Louis Shipbuilding and Steel Company, supra, 583 F.2d at 877;[1] State Insurance Fund v. Pesce, supra, 548 F.2d at 1114; Travelers Insurance v. Toner, 1951, 89 U.S.App.D.C. 77, 78, 190 F.2d 30, 31; Hampton Roads Stevedoring Corp. v. O'Hearne, 4 Cir., 1950, 184 F.2d 76, 79; Penn Jersey Welding Co. v. Lowe, 3 Cir., 1950, 183 F.2d 936, 937-38; Hitt v. Cardillo, 1942, 76 U.S.App.D.C. 334, 335, 131 F.2d 233, 234; Norton v. Travelers Insurance Co., 3 Cir., 1939, 105 F.2d 122, 123-24; International Mercantile Marine Co. v. Lowe, 2 Cir., 1938, 93 F.2d 663, 665.
 
 
 21
 Moreover, even if we were to agree that to apply amended § 909 would be to give it a "retroactive" effect, we would still uphold its constitutionality. "(W)hile statutes of retrospective force are not favored, they are not per se unconstitutional." Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Programs, supra, 539 F.2d at 380.
 
 
 22
 In the recent case of Usery v. Turner Elkhorn Mining Co., supra, the Supreme Court rejected a quite similar due process attack on the Federal Coal Mine Health and Safety Act of 1969 as amended by the Black Lung Benefits Act of 1972, 30 U.S.C. § 901 Et seq. The statute provided death benefits to the survivors of miners irrebuttably presumed to have died from pneumoconiosis (black lung disease). The Court conceded that the Act has some retrospective effect and that the liability imposed upon mine operators for disabilities suffered by former employees may not have been "anticipated at the time of actual employment," 428 U.S. at 16, 96 S.Ct. at 2892, 2893. The Court nevertheless upheld the law.
 
 
 23
 . . . (O)ur cases are clear that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations. . . . This is true even though the effect of the legislation is to impose a new duty or liability based on past acts.
 
 
 24
 428 U.S. at 16, 96 S.Ct. at 2893 (citations omitted).
 
 
 25
 After stating that it would "hesitate to approve the retrospective imposition of liability on any theory of deterrence . . . or blameworthiness," 428 U.S. at 17-18, 96 S.Ct. at 2893, the Court upheld the law on a basis directly applicable to the cases before us. The Court held the imposition of liability for harms bred in the past "justified as a rational measure to spread the costs of the employees' disabilities to those who have profited from the fruits of their labor," 428 U.S. at 18, 96 S.Ct. at 2893.
 
 
 26
 The Petitioners argue that where a totally and permanently disabled harbor worker dies from causes other than his injury, the employer's activities cannot fairly be said to have given rise to the harms. The Court rejected precisely this distinction in Usery in upholding a combination of irrebuttable presumptions whose effect was "to grant benefits to the survivors of any miner who during his lifetime had complicated pneumoconiosis arising out of employment in the mines, regardless of whether the miner's death was caused by pneumoconiosis." 428 U.S. at 24, 96 S.Ct. at 2896. The Court reasoned that the death benefits of the miner's survivors served as "deferred compensation for the suffering endured by his dependents by virtue of his illness." 428 U.S. at 24, 96 S.Ct. at 2897. The total, permanent disabilities suffered by Harold Witthuhn and Clarence Foley arose out of their employment with Todd. The deferred compensation rationale fully applies. We add only that Congress could well have reasoned that many disabled harbor workers would find themselves hard pressed to provide financial security for their families and thus that in many cases the assurance of the amended § 909 death benefit would help relieve a common source of frustration, anxiety, and concern. We cannot say that the Congressional scheme lacks a rational basis in that it is "wholly unreasonable in providing benefits for those who were most likely to have shared the miner's suffering." Usery, supra, 428 U.S. at 25-26, 96 S.Ct. at 2897; St. Louis Shipbuilding, supra, 583 F.2d at 878; Nacirema Operating Co., supra, 577 F.2d at 854.
 
 
 27
 We join the Second, Third, Fourth, and Eighth Circuits in holding that the alleged retroactive impact of amended § 909 does not deprive the employer of due process. See State Insurance Fund v. Pesce, supra, 548 F.2d at 1115; Nacirema Operating Company v. Lynn, supra, 577 F.2d at 854; Norfolk, Baltimore and Carolina Lines, Inc., supra, 539 F.2d at 380-81; St. Louis Shipbuilding and Steel Company v. Casteel, supra, 583 F.2d at 878.
 
 
 28
 Todd and Travelers also argue that amended § 909 violates the Contract Clause, Art. 1, § 10 of the Constitution, by upsetting expectations that they relied upon in entering into their contract for compensation insurance. This argument is without merit. To begin with, the Supreme Court has never held the Contract Clause applicable to federal as opposed to state action. See Norfolk Lines, supra, 539 F.2d at 381.
 
 
 29
 Moreover, even if the Contract Clause were incorporated into Fifth Amendment due process by analogy to Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884, that would not help Petitioners. Their expectations that the government would not require Todd to pay death benefits did not give rise to vested rights which could not be modified retroactively. As the Court explained last term in Allied Structural Steel Co. v. Spannaus, 1978, 438 U.S. 234, 241-42, 98 S.Ct. 2716, 57 L.Ed.2d 727, quoting Mr. Justice Holmes in Hudson County Water Co. v. McCarter, 1908,209 U.S. 349, 357, 28 S.Ct. 529, 531-532, 52 L.Ed. 828:
 
 
 30
 One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the state by making a contract about them. The contract will carry with it the infirmity of the subject-matter.
 
 
 31
 "Immunity from federal regulation is not gained through forehanded contracts." Fleming v. Rhodes, 1947, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368.
 
 
 32
 Finally, Petitioners argue that the death benefits provided by amended § 909 have no maritime nexus and are thus beyond the power to regulate maritime affairs which Congress derives from the constitutional grant of admiralty jurisdiction. Here, a shipyard has been ordered to pay death benefits to the survivors of two men who suffered permanent and total disabilities while working for that shipyard. The maritime nexus is obvious. St. Louis Shipbuilding, supra, 583 F.2d at 878; Nacirema Operating Co., supra, 577 F.2d at 854; Norfolk Lines, supra, 539 F.2d at 380. See, generally, Crowell v. Benson, 1932, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.
 
 
 33
 We therefore need not consider Respondents' argument that amended § 909 is also supported by the Commerce Clause. Cf. O'Leary v. Puget Sound Bridge & Dry Dock Co., 9 Cir., 1965, 349 F.2d 571, 575.
 
 
 34
 The orders of the Benefits Review Board are affirmed.
 
 SNEED, Circuit Judge (Concurring):
 
 35
 I concur in Judge Duniway's opinion. I write only to point out that recently the Supreme Court has renewed the suggestion that Fifth Amendment due process limits the power of the United States to abrogate its contractual obligations. See United States v. Larionoff, 431 U.S. 864, 879, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977). It is not unreasonable to suppose that similar limits to the power of the United States exist with respect to the contractual obligations of others. In any event, the relationship between employer and employee sufficiently partakes of the characteristics of status, rather than contract, to permit us to put aside for the purposes of this case such Fifth Amendment due process concerns. For the reasons Judge Duniway sets forth, the United States, under the circumstances of this case had the power to impose upon the employer the responsibilities provided by Section 9 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 909.
 
 
 
 *
 The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 St. Louis Shipbuilding concerned an award of death benefits to the widow of a permanently, but Partially disabled harbor worker under Section 8(d)(3) of the Act, 33 U.S.C. § 908(d)(3). The pertinent part of § 908(d)(3) is quite similar to § 909, and we consider the reasoning of the Eighth Circuit fully applicable to the cases before us