599 F.2d 467
 Esther Arvelo PUIG, etc., Claimant-Respondent,
v.
STANDARD DREDGING CORPORATION and Travelers Insurance
Company, Employer/Carrier-Petitioners,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-In-Interest.
 No. 78-1147.
 United States Court of Appeals,
First Circuit.
 Argued Feb. 9, 1979.
Decided May 31, 1979.
 
 Amancio Arias Guardiola, Santurca, P. R., for petitioners.
 Gabriel Hernandez Rivera, San Juan, P. R., with whom Feldstein, Gelpi, Hernandez & Castillo, San Juan, P. R., was on brief, for claimant-respondent.
 Joshua T. Gillelan, II, Washington, D. C., with whom Carin Ann Clauss, Sol. of Labor, Cornelius S. Donoghue, Jr., Acting Associate Sol., and Linda L. Carroll, Atty., U. S. Dept. of Labor, Washington, D. C., were on brief, for Director, Office of Workers' Compensation Programs, party-in-interest.
 Before CAMPBELL and BOWNES, Circuit Judges, JAMESON, District Judge.*
 BOWNES, Circuit Judge.
 
 
 1
 The sole issue presented by this appeal is whether the construction given to the 1972 amendment of section 9 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 909, by the Benefits' Review Board is constitutional. Our jurisdiction stems from 33 U.S.C. § 921(c) as extended to the Defense Base Act, 42 U.S.C. § 1651(a).
 
 
 2
 The facts are uncontroverted. Juan Gilbert Moret, the decedent, was permanently and totally disabled as a result of injuries sustained in the course of his employment with Standard Dredging Co. on December 1, 1964. He received compensation under the Act until he died on June 16, 1975, from causes unrelated to the original injury.
 
 
 3
 Prior to 1972, the Act provided for the payment of death benefits to the surviving widow and children only if the death was related to the compensable injury. In 1972, 33 U.S.C. § 909 made death benefits payable "(i)f the injury causes death, Or if the employee who sustains permanent total disability due to the injury, thereafter dies from causes other than the injury, the compensation shall be known as a death benefit" (emphasis added).
 
 
 4
 Moret died in 1975, almost three years after the amendment, and his widow-respondent Puig filed a claim for death benefits. The parties stipulated to the relevant facts before the ALJ and agreed that the resolution of the claim was solely a question of law. The ALJ held that the widow was entitled to benefits under the law in effect at the time of her husband's death. The Benefits Review Board rejected the argument of the employer/carrier petitioners that such application of the statute deprived them of property contrary to the fifth amendment, and that it was beyond the power of Congress to enact this amendment because of lack of maritime nexus.
 
 
 5
 We first note that the cases under the Longshoremen's Act have consistently held that the right to death benefits is separate and distinct from the right to disability benefits and does not arise until death occurs. "When death occurs, a new cause of action arises which requires an adjudication on all questions such as accident, notice of death, claim, causal relationship, and dependency." International Mercantile Marine Co. v. Lowe, 93 F.2d 663, 665 (2d Cir.), Cert. denied, 304 U.S. 565, 58 S.Ct. 948, 82 L.Ed. 1532 (1938). See also Hitt v. Cardillo, 76 U.S.App.D.C. 334, 131 F.2d 233 (1942), Cert. denied, 318 U.S. 770, 63 S.Ct. 760, 87 L.Ed. 1140 (1943); Norton v. Travelers Insurance Co., 105 F.2d 122 (3d Cir. 1939).
 
 
 6
 This is not the first time that a death benefits amendment under the Longshoremen's Act has been attacked on retroactivity grounds. In Hampton Roads Stevedoring Corp. v. O'Hearne, 184 F.2d 76, 78-79 (4th Cir. 1950), the court, in construing the applicability of a 1948 amendment increasing death benefits held "that the provisions of the amendment which became effective on June 24, 1948, which was subsequent to the injury but prior to death, are applicable." The court specifically held that this conclusion did not mean that the amendment was retroactive. Id. at 78. See also Travelers Insurance Co. v. Toner, 89 U.S.App.D.C. 77, 190 F.2d 30, Cert. denied, 342 U.S. 826, 72 S.Ct. 48, 96 L.Ed. 624 (1951), and Penn Jersey Welding Co. v. Lowe, 183 F.2d 936 (3d Cir. 1950).
 
 
 7
 Petitioners seek to avoid the impact of these cases by arguing that the 1972 amendment creates a new and different class of beneficiaries, whereas the 1948 amendment merely increased the benefits. No cases are cited and we have found none that draws a constitutional line between an amendment which increases the amount of death benefits and one which changes the condition of entitlement.[1] In fact, the law is to the contrary. In one of the cases cited by petitioners, Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), the Court upheld a clearly retrospective statute compelling the payments of Black Lung Benefits to miners and their survivors, including those who had stopped working prior to the statute's enactment. The Court stated:
 
 
 8
 To be sure, insofar as the Act requires compensation for disabilities bred during employment terminated before the date of enactment, the Act has some retrospective effect although, as we have noted, the Act imposed no liability on operators until 1974. And it may be that the liability imposed by the Act for disabilities suffered by former employees was not anticipated at the time of actual employment. But our cases are clear that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations.
 
 
 9
 Id. at 15-16, 96 S.Ct. at 2892-2893.
 
 
 10
 However, we need not draw analogies to other statutes; there are cases directly on target. The Fourth Circuit, in a case with the essential facts identical to the ones here, upheld the validity of the amendment against the same attack mounted by these petitioners, retroactivity and lack of maritime nexus. Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 539 F.2d 378 (4th Cir. 1976). The Second Circuit, when confronted with the same situation and the same arguments, had no difficulty in upholding the Benefits Review Board. State Insurance Fund v. Pesce, 548 F.2d 1112 (2d Cir. 1977). And the Third Circuit followed suit in Nacirema Operating Co. v. Lynn, 577 F.2d 852 (3d Cir. 1978).[2] The Ninth Circuit has also joined the parade. Todd Shipyards Corporation and The Travelers Insurance Company v. Edith Witthuhn and William G. Witthuhn, et al., Todd Shipyards Corporation and The Travelers Insurance Company v. Julia V. Foley, 596 F.2d 899 (9th Cir. 1979). While the insurance carriers cannot be faulted for lack of persistence, their arguments have been and continue to be unpersuasive.
 
 
 11
 Since we adopt the reasoning of our sister circuits that the amendment is not retroactive, petitioners' argument as to congressional intent is irrelevant. Moreover, an examination of the excerpt from the debate on this bill, 118 Cong.Rec. H10043 (daily ed. Oct. 14, 1972), reveals that petitioners' reliance on it is badly misplaced. The statement by Congressman Eckhardt "that of course this bill is not retroactive" was made in response to remarks and a question by Congressman Burton "that any cause of action arising prior to the date of enactment of this legislation would be in no way abated, frustrated, or reduced in any manner, shape or form." The Congressman emphasized that a cause of action which had been eliminated by the amendment would continue until the effective date of the pertinent amendment. There is nothing in the congressional history suggesting either that Congress considered this amendment to be retroactive or that it intended it to be restricted to those rendered permanently and totally disabled after the date of its enactment. We must assume that the Congress knew that the courts had consistently treated death benefits as separate and distinct from the right to disability benefits and the interpretation that the courts had given to the 1948 amendment increasing death benefits.
 
 
 12
 In Addison v. Bulk Food Carriers, Inc., 489 F.2d 1041, 1042 (1st Cir. 1973), relied on by petitioners, we considered the legislative history of the 1972 amendments to the Longshoremen's Act and concluded "that this intricate and interdependent revision of party rights was intended to have only prospective effect." That statement was and still is correct. Our decision here is consistent with Addison, as we do not give the section 909 amendment retroactive application. Rather, because the right to death benefits under the Act arises only upon death, and is separate from the right to disability benefits which arises when the employment injury occurs, application of the 1972 section 909 amendment in a case where, as here, death occurred after the amendment's effective date is a prospective application. Our holding in Addison was that the amendment relied upon by defendant did not retroactively nullify a cause of action for breach of warranty of workmanlike performance a holding entirely consistent with the congressional history. It is true that in Addison we said the "critical date" was the date of injury, but that case did not involve a death benefits claim. The critical time for death benefits is the time of death, when the section 909 right arises.
 
 
 13
 The argument as to lack of maritime nexus has been rebuffed convincingly in Norfolk, Baltimore and Carolina Lines, Inc. v. Director, Office of Workers' Compensation Programs, supra, 539 F.2d at 380.
 
 
 14
 (W)e think the beneficences of the amendment are maritime in nature since they are in furtherance of the purpose of the Act, and at this date the constitutionality of the Longshoremen's Act is beyond debate. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). The evident and outstanding wish of Congress was to assure indemnification of survivors of the inshore worker who had become utterly disabled in his work for the rest of his life.
 
 
 15
 To this, we add that the fact that the injury severed the daily contact between the employee and the maritime activity could not sever Congress' interest in the maritime worker and his survivors. Moreover, this claim was filed under the Defense Base Act, 42 U.S.C. § 1651 et seq., which adopted the provisions of the Longshoremen's Act in respect to the injury or death of any worker engaged in certain specified types of defense employment. This renders the maritime nexus argument irrelevant.
 
 
 16
 The decision of the Benefits Review Board is affirmed.
 
 
 
 *
 Of the District of Montana, sitting by designation
 
 
 [1]
 The chief case relied on by petitioners is Railroad Retirement Board v. Alton R. Co., 295 U.S. 330, 374, 55 S.Ct. 758, 79 L.Ed. 1468 (1935), in which the Court found the Railroad Retirement Act of 1934 to be unconstitutional. Appellant relies on the view of the Court, to which the dissenters subscribed as well, that a provision for employer-financed pensions for former railroad employees who had terminated employment prior to enactment of the Act was arbitrary and hence unconstitutional. We believe Alton is distinguishable from this case on essentially the same basis it was distinguished in Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 19, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). The 1972 amendment expanding death benefits under 33 U.S.C. § 909 was designed to augment the benefits available to employees who are entitled to compensation under the Act because of injuries sustained in the course of their employment. Unlike Alton, the statute here does not simply increase former employees' salaries without any remedial purpose
 
 
 [2]
 See also St. Louis Shipbuilding and Steel Co. v. Casteel, 583 F.2d 876 (8th Cir. 1978), where the court upheld an award asserted under § 908 providing for survivors of one who suffered Partial instead of Total disability